Way *v.* Bragaw et al.

---

GEORGE M. WAY *vs.* ISAAC A. BRAGAW and others.

1. A bill filed to obtain satisfaction of a judgment at law is not demurrable on the ground of multifariousness, because it seeks to remove fraudulent conveyances and encumbrances, *and also* to bring within the reach of the judgment, equitable interests which are not the subjects of execution at law.

2. Where the case made by the bill is so entire, that it cannot be prosecuted in several suits, and yet each of the defendants is a necessary party to some part of the case as stated, neither of the defendants can demur for multifariousness or for a misjoinder of causes of action, in some of which he has no interest.

3. Where a judgment creditor files a bill in equity to obtain aid in en-

Way v. Bragaw et al.

forcing the payment of his judgment at law, it is no ground of demurrer that other creditors, not in equal degree, are not made parties to the bill.

4. A plea of another suit depending for the same cause in bar of a suit in equity, can only be of a suit depending in the same, or in some other court of equity.

5. Where a suit is pending for the same cause in a court of law, all that the defendant can ask, is an order putting the complainant to his election, whether he will proceed at law or in equity.

6. The complainant will not be put to his election, unless the suit at law is for the same cause, and the remedy afforded co-extensive and equally beneficial with the remedy in equity.

*Parker*, for defendants, in support of the demurrer, as to the question of multifariousness, cited *Story's Eq. Pl.*, § 271–286–530–540–747; *Fellows* v. *Fellows*, 4 *Cowen* 682; *Brinkerhoff* v. *Brown*, 6 *Johns. Ch. R.* 139.

*Beasley*, for complainant, contra.

As to multifariousness. *Attorney General* v. *Corporation of Poole*, 4 *Mylne & C.* 31; *Turner* v. *Robinson*, 1 *Sim. & Stu.* 314; *Cuyler* v. *Moreland*, 6 *Paige* 274; *Brinkerhoff* v. *Brown*, 6 *Johns. Ch. R.* 139; *Fellows* v. *Fellows*, 4 *Cowen* 682.

As to rule of convenience. *Campbell* v. *Mackay*, 1 *Mylne & C.* 603; *Gaines* v. *Chew*, 2 *How.* 619; *Oliver* v. *Piatt*, 3 *Ibid.* 333; *Story's Eq. Pl.*, § 534; 2 *Dev. & Bat. Ch. R.* 31.

Suit at law cannot be pleaded in bar of a suit in equity. *Mitford's Eq. Pl.* 250; *Rogers* v. *Vosburgh*, 4 *Johns. Ch. R.* 84; *Jones* v. *Earl of Strafford*, 3 *P. Wms.* 90. The practice was formerly otherwise. *Beames' Orders* 177.

The party must elect which remedy he will pursue. 1 *Hoffman's Ch. Pr.* 342; *Tillotson* v. *Ganson*, 1 *Vern.* 103; *Jones* v. *Earl of Strafford*, 3 *P. Wms.* 90; *Hinde's Ch. Pr.* 178; 2 *Daniell's Ch. Pr.* 722; *Ex'rs of Conover* v. *Conover*, *Saxton* 409.

Prior suit no bar, unless the objects of the second suit are completely attainable in such prior suit. 2 *Daniell's Ch. Pr.* 721; *Law* v. *Rigby*, 4 *Bro. Ch. R.* 60; *Pickford* v. *Hunter*, 5 *Simons* 122; *Crofts* v. *Wortley*, 1 *Chan. Cases* 241; *Story's Eq. Pl.*, § 739, 742; *Hertell* v. *Van Buren*, 3 *Edw. Ch. R.* 20.

Way *v.* Bragaw et al.

THE CHANCELLOR. The bill is filed by a judgment and execution creditor of Bragaw, one of the defendants, to obtain the aid of this court in enforcing the payment of his judgment at law. The bill charges that the real estate of the debtor defendant is covered by a fraudulent conveyance, made on or about the first of April, 1861, to Charles P. Holcombe, one of the defendants. That personal estate of the debtor to a large amount is held by one Wesley Benner, under a claim of title derived from a collusive and fraudulent sale under a pretended judgment and execution of said Benner against the debtor; and that the debtor also holds certain equitable interests and property which his execution at law will not reach. The prayer of the bill is that the conveyance of the real estate to Holcombe, and the pretended title of Benner to the personal estate, may be declared fraudulent and void, and that the property, legal and equitable of the debtor, may be applied in satisfaction of the complainant's judgment. To this bill there is a demurrer by Holcombe and Benner, and a plea by Bragaw.

The first ground of demurrer is that the bill is multifarious. The sole purpose of the bill is to enable the complainant to obtain satisfaction of his judgment at law out of the property of the defendant. To this end the complainant seeks to remove out of his path fraudulent conveyances and encumbrances, and to bring within the reach of his judgment equitable interests which are not the subjects of execution at law. These objects may properly be united in the same bill. *Cuyler* v. *Moreland,* 6 *Paige* 273.

Nor is the bill multifarious because it seeks to set aside as fraudulent, distinct conveyances or encumbrances upon the defendants' property, in favor of two or more different persons.

The grounds of suit are not wholly distinct and unconnected. They form parts of a series of transactions, or of a course of dealing by which it is alleged that the debtor is seeking to defraud his creditors. They all tend to one end, the defeat of the plaintiff's claim, and although it is sought

to set aside two distinct encumbrances, they are necessarily connected not only in their operation against the complainant's remedy at law, but in the relief which is to be administered. On a decree in favor of the complainant against both, the real estate can only be sold to pay the balance remaining due after the application of the personal estate to the complainant's claim.

So the defendants are united in a common design. Each is charged with colluding with the debtor in order to defraud his creditors.

Where there is one entire case stated as against the debtor, it is no objection that one or more of the defendants, to whom parts of the property have been fraudulently conveyed, had nothing to do with other fraudulent transactions. The case against the debtor is so entire that it cannot be prosecuted in several suits, and yet each of the defendants is a necessary party to some part of the case stated. In such case neither of the defendants can demur for multifariousness, or for a misjoinder of causes of action, in some of which he has no interest. *Attorney General* v. *The Corporation of Poole*, 4 *Mylne & C.* 31; *Brinkerhoff* v. *Brown*, 4 *Johns. Ch. R.* 671; *Fellows* v. *Fellows*, 4 *Cowen* 682; *Boyd* v. *Hoyt*, 5 *Paige* 65; *Turner* v. *Robinson*, 1 *Sim. & Stu.* 313; *Story's Eq. Pl.*, § 271, *b*.

In *Boyd* v. *Hoyt*, 5 *Paige* 78, Chancellor Walworth states the rule thus: "Where the object of a suit is single, but different persons have a claim to have separate interests in distinct or independent questions, all connected with and arising out of the single object of the suit, the complainant may bring such different persons before the court as defendants, so that the whole object of the bill may be obtained in one suit, and to prevent further unnecessary and useless litigation."

The second ground of demurrer is, that the bill should be for the benefit of all the creditors of Bragaw jointly with the complainant.

The same objection was raised under similar circumstances

in *Edgell* v. *Haywood*, 3 *Atk.* 357. But Lord Hardwicke said : " The person who first sues has an advantage by his legal diligence in all cases. The complainant, by his judgment and execution at law, and by his diligence in this court, has obtained a position which entitles him to priority over the other creditors of the debtor. He does not stand in the attitude of a complainant in an ordinary creditor's bill. It does not appear that there is any other creditor of equal degree with the complainant." *Clarkson* v. *Depeyster*, 3 *Paige* 320 ; *Parmelee* v. *Egan*, 7 *Paige* 610 ; *Grosvenor* v. *Allen*, 9 *Paige* 74 ; *Farnham* v. *Campbell*, 10 *Paige* 598.

The debtor has pleaded in bar of the suit, proceedings pending in the Supreme Court under the provisions of the act to prevent fraudulent trusts and assignments. *Nix. Dig.* 271, § 23.

A plea of another suit depending for the same cause in bar of a suit in equity, can only be of a suit depending in the same, or in some other court of equity. *Mitford's Pl.*, (by Jeremy) 236, 246, *notes i, k.*

Where a suit is pending for the same cause in a court of law, all that the defendant can ask is an order putting the complainant to his election, whether he will proceed at law or in equity. *Ex'rs of Conover* v. *Conover*, *Saxton* 409 ; *Rogers* v. *Vosburgh*, 4 *Johns. Ch. R.* 84 ; 1 *Hoffman's Ch. Pr.* 342 ; *Story's Eq. Pl.*, § 742.

Such election has virtually been made. If it be conceded as alleged in the defendant's plea, that the order made by the justice by whose direction the proceedings at law were instituted for the discontinuance of those proceedings, was inoperative, not having been made by the Supreme Court in which the suit was pending, still it may safely be assumed that the order for discontinuance having been made at the instance of the complainant, and proceedings having since been commenced by him in equity, he would not be permitted to proceed at law to the prejudice of the defendants' rights. This court will, un ler the circumstances, regard the election as in fact made.

VOL. I.        T

If the proceedings of the Supreme Court could be regarded as a suit in equity, and in this respect the defendant's plea be free from objection, the plea cannot be sustained. It is obvious from an examination of the complainant's bill and of the statute under which the proceedings at law were instituted, that the remedy in the two suits cannot be co-extensive.

The former suit must not only be for the same cause, but the effect must be the same. The remedy must be co-extensive, and equally beneficial to the complainant. *Law* v. *Rigby*, 4 *Brown's Ch. R.* 63; *Pickford* v. *Hunter*, 5 *Simons* 122; 2 *Daniell's Ch. Pr.* 721.

The receiver, if appointed at law, must come into equity to attain the end which is sought to be attained by the present suit.

The plea and demurrers are overruled.