GEORGE M. WESTON, in equity, vs. SAMUEL H. BLAKE and others.

*Demurrer. Multifariousness.*

A general demurrer to a bill in equity will not be sustained for want of parties when it appears that the bill relates to several distinct contracts and that as to some of them there is no apparent want of parties, although as to others parties who should have been joined are omitted. If the respondent would avail himself of this objection he should answer so much of the bill as makes a case, with proper parties, and demur only to the residue. A bill is multifarious only when it joins causes of relief so separate and distinct in their nature that they ought not to be joined.

BILL IN EQUITY.

George M. Weston complains in this bill that he has been for many years largely engaged in the purchase and ownership of timber lands and other real estate, severally and jointly with Dudley F. Leavitt, one of the defendants, employing more capital than was possessed by himself and Leavitt, obtaining such additional means of Blake, the other defendant, a capitalist, whose business it was to make loans on security; that Blake's loans to him, individually and jointly with Leavitt, were so large and frequent that he had notoriously become their general banker, and a very large amount of valuable real estate had, by the complainant and by Weston and Leavitt, been transferred to and put into the hands of Blake, who usually gave a writing back to convey to the order of Weston, or of Weston and Leavitt (as the case might be), on the payment to him of designated sums at times therein specified; but that, in every instance, and in and by his usual course of dealing, Blake had agreed to waive strict performance on the day stated, and declared that between them time should never be considered as of the essence of their contracts, which the complainant alleged would fully appear by the accounts pre-

viously adjusted between them, of which copies were annexed to the bill; that, in some instances, so great confidence was reposed in Blake, that they caused lands by them purchased to be conveyed directly to him, taking no writing, but he simply charged them in account with the amount loaned to make the purchase, and credited the proceeds of lots and timber sold therefrom and conveyed by him as they directed or requested; that the title to property had sometimes been allowed to remain in Blake after the loans which it was originally taken to secure had been fully paid. The complainant then stated the particulars of sixteen conveyances of large tracts of valuable land, timber, and grass to Blake as security for loans and advances, an equitable interest in which lands, etc., belonged to Weston and to Weston and Leavitt, and averred that he had demanded of Blake an account of all his claims against the complainant and against Weston and Leavitt and a specific statement of the balance due of the sum or loan charged to each separate tract or conveyance of land held by him in trust as aforesaid, which account said Blake refused to render. Leavitt declined to be a party to the complaint and was, therefore, made a party defendant. No other person than these three was made party to these proceedings, though it was stated in the bill that one of Blake's written agreements, relied upon and annexed to the bill, was to convey 33,899 acres of land to Nathan Weston and Reuben S. Prescott, and no assignment to the complainant of Prescott's interest was alleged, but it was said that Nathan Weston represented George M. Weston's interest therein and had subsequently assigned all his claim to said lands, or to a conveyance thereof, to said George. It also appeared that other persons had an interest or lien upon several of the other tracts referred to in the bill and in regard to which relief was prayed. The respondents demurred generally and assigned as causes of demurrer, want of parties, and that the bill was multifarious.

*Peters & Wilson* appeared for Leavitt, but before argument his interest was so adjusted that the bill was dismissed as to him by consent of all parties.

*Charles P. Stetson*, for Blake.

1. Want of parties may be taken advantage of on demurrer. All persons interested in the relief sought must be made parties. Adams' Eq. 698 [*312]. Therefore Prescott and those having any interest in or claim on the lots should have been joined as defendants. Adams' Eq. 709 [*317], note 2 (3d Am. ed.) ; Story's Eq. Jur. § 1526.

2. The bill is multifarious. It sets out and prays relief upon contracts made by Blake with Weston alone, with Weston and Leavitt, and with them and other persons.

3. There has been no tender of any sum to Blake. *Maynard* v. *Tabor*, 53 Maine, 511.

4. If payment were not demanded on the designated day, the waiver was only for a reasonable time, which has long since elapsed, as appears by the agreements annexed to and made part of the bill. *Litchfield* v. *Litchfield*, 49 Maine, 107.

5. Such of the contracts as were not in writing are not within the equity powers of the court. *Patterson* v. *Yeaton*, 47 Maine, 308.

*George M. Weston, pro se.*

Defendants' demurrer admits all the facts alleged and it must stand or fall as a whole. It cannot be good as to what it covers and bad as to the rest. *Burns* v. *Hobbs*, 29 Maine, 273 ; *Robinson* v. *Guild*, 12 Met. 323 ; *Hawkins* v. *Clement*, 15 Mich. 511.

It must appear that no substantial claim of the complainant is within the jurisdiction of the court. *Boston W. P. Co* v. *B. & W. R. R. Co.* 16 Pick. 512; *Dimmock* v. *Bixby*, 20 Pick. 368.

A demurrer to the whole bill, where any of the matters are relievable, is only good for multifariousness. *Livingston* v. *Story*, 9 Peters, 658 ; *Goodrich* v. *Staples*, 2 Cush. 261; *Conant* v. *Warren*, 6 Gray, 562 ; cases above cited.

The subjects of this bill are all alike and within one or all of paragraphs 1, 2, 3, 4, 6, and 8 of R. S., c. 77, § 8.

It seeks to redeem equitable mortgages. *K. & P. R. R.* v. *P. & K. R. R.* 54 Maine, 173. From civil forfeitures. *Hill* v.

*Fisher*, 34 Maine, 143. To compel specific performance. *Stearns* v. *Hubbard*, 8 Maine, 320. Relief in a case of fraud and trusts. *Linscott* v. *Buck*, 33 Maine, 530. An adjustment of accounts between part owners. *Reed* v. *Johnson*, 24 Maine, 322. And discovery in support of all these objects. *Russ* v. *Wilson*, 22 Maine, 207; Story's Eq. Pl. 312; *Foss* v. *Haynes*, 31 Maine, 89; *Fisher* v. *Shaw*, 42 Maine, 32; *Snowman* v. *Hartford*, 55 Maine, 197.

As to the charge of being multifarious. This rests in the discretion of the court. 54 Maine, 173. A matter concerning which one continuous story can be told should be contained in one bill, if possible. Story's Eq. Pl. §§ 287, 530 note 1, 539, 747.

At common law to sue a hundred different promissory notes against the same party, in as many actions, would be held oppressive. *Somes* v. *Skinner*, 16 Mass. 348. If this be so as to matters to be tried by a jury, certainly it is true of equity proceedings. This bill relates entirely to connected matters in every one of which Blake is interested; hence it is not multifarious. 31 Maine, 81; 54 Maine, 173; *Sawyer* v. *Noble*, 55 Maine, 227; *Atty. General* v, *Merc. Tailors*, 5 Sim. 288, and 1 M. & K. 189; *Robinson* v. *Guild*, 12 Met. 323; *Way* v. *Bregan*, 1 Maine, 223; *Fitch* v. *Creighton*, 24 Howard, 159; Story's Eq. Pl. § 271, and cases cited; *Oliver* v. *Piatt*, 3 Howard, 311; *Coleman* v. *Barnes*, 5 Allen, 376; *People* v. *Morrill*, 26 Cal. 336; *Bowen* v. *Kerseeker*, 9 Iowa, 422.

WALTON, J. This is a bill in equity to which the defendants have severally demurred. In support of the demurrer several grounds are relied on.

1. It is said that there is a want of proper parties. Several distinct contracts are set out in the bill, and with respect to some of these there is an apparent want of proper parties, but with respect to others no such defect is apparent. In such a case a general demurrer to the whole bill cannot be sustained. To sustain such a demurrer it must appear that there is no part of the bill which ought to be answered. The rule is substantially the same

as in actions at law. If a writ contains good counts and bad counts a general demurrer to the whole declaration cannot be sustained. The defendant should plead to the good counts and demur only to the bad ones. So in equity. If the bill is good in part and bad in part the defendant should answer that which is good and demur only to that which is bad. If he demurs to the whole bill his demurrer cannot be sustained. In this case it is clear that the demurrers are too broad. If the defective portions of the bill—we mean those portions with respect to which there is an apparent want of proper parties—were all stricken out, enough would still remain to call for an answer. The demurrers cannot, therefore, be sustained on the ground of the want of proper parties.

2. It is said that the bill is multifarious. We think not. A bill is multifarious only when separate and distinct causes of relief are joined which ought not to be joined. This seldom happens; hence the objection that a bill is multifarious is not often sustained. We think there is no such misjoinder in this bill. On the contrary, we think the defendants might well have complained if each distinct contract mentioned in the bill had been made the ground of a separate suit. The demurrers are not sustained, therefore, on the ground that the bill is multifarious.

3. It is said that there is a want of equity—that is, assuming that all the allegations in the plaintiff's bill are true, they do not make out a *prima facie* case for relief. Among other grounds taken in support of this objection it is said that there is no averment of a tender of the amount due the defendant, Blake. The time has not arrived for discussing the merits of the case. It is enough to say that in the opinion of the court the bill contains matter which ought to be answered.

Our conclusion, therefore, is that the demurrers must be overruled and that the defendants must answer further.

*Demurrers overruled.*

*Defendants to answer further.*

Appleton, C. J.; Cutting, Dickerson, and Danforth, JJ., concurred.