Robinson *et al.*, v. Tischler *et al.*—Syllabus.

FREDA K. ROBINSON AND O. K. ROBINSON, HER HUSBAND, *Appellants,* v. PHILIP TISCHLER, FLORA TISCHLER MAX AND NATHAN MAX, HER HUSBAND, *Appellees.*

## Opinion Filed February 3, 1915.

1. While an execution at law cannot be levied upon equitable property of the debtor, yet such equitable property may, in equity be subjected to the debtor's judgment debts.

2. A discharge of a debtor in bankruptcy is from personal liability.

3. Bankruptcy proceedings do not discharge or abrogate vested equitable liens of judgment creditors, acquired more than four months before bankruptcy proceedings, upon property which the debtor had and fraudulently kept from his creditors in the bankruptcy proceedings.

4. The bankruptcy law is not designed to aid in a fraud, or to prevent equitable relief to creditors against fraudulent acts of a debtor; and where the creditors seeking such equitable relief by reason of previously acquired equitable liens, do not purposely ignore or violate the terms or the spirit of the bankruptcy law, and no unlawful preference among creditors is sought by those asking such equitable relief, it may be afforded in appropriate proceedings.

5. The right given a trustee in bankruptcy under the 1910 amendment of the bankruptcy law is not exclusive of the creditor.

6. A court of equity may decree an equitable lien upon property of a bankrupt even though the fund should be administered by the bankruptcy court.

Appeal from Circuit Court for Duval County; D. A. Simmons, Judge.

Order reversed.

*J. M. Carson* and *R. J. Patterson,* for Appellants;

*Bisbee & Bedell,* for Appellees.

WHITFIELD, J.—This appeal is from an order sustaining a demurrer to a bill of complaint.

The bill brought by appellants against the appellees in effect alleges that on October 17, 1904, the appellants obtained a decree in chancery against Philip Tischler for $18,262.18, the said decree having the force and effect of a judgment; that in July, 1908, the complainants, appellants here, received $4,257.03 on said decree; that there remained due complainants $17,988.12, which by order of the court was required to be paid, and such order had the force of a deficiency decree for $17,988.12 now in full force and effect; that on May 5, 1909, Philip Tischler filed a voluntary petition in bankruptcy; that his schedule of liabilities included this balance of $17,988.12 and that "in the assets of said Philip Tischler, it was made to appear that he had none of value at all except wearing apparel of the value of sixty ($60) dollars;" that on May 10, 1909, Philp Tischler was adjudged a bankrupt; that on June 2, 1909, the referee in bankruptcy filed his report showing that the bankrupt had no property except wearing apparel to the amount of $60.00, which was exempt under the laws of Florida; that on June 17, 1909, Tischler filed his application for final discharge, and on July 2, 1909, was granted a discharge by the United States District Court; that Philip Tischler now and since December 2, 1904, has been the real owner of certain described real estate; that the

property was on December 2, 1904, conveyed to the defendant Flora A. Max, a niece of the Defendant Philip Tischler, by the Metropolitan Company, a Corporation, which conveyance was made under an agreement theretofore made by and between Tischler and the Metropolitan Company of date February 11, 1893; that said conveyance was made for the benefit of said Philip Tischler, and although the said property was conveyed to said defendant Flora Tischler Max and remained in her name from said 2nd day of December, 1904, until March 30th, 1911, that the defendant Philip Tischler was the real owner in interest in said lands during the entire time mentioned; that said land was taken in the name of the said Flora Tischler Max and held by her by the procurement of the said Philip Tischler, defendant, for the purpose of defrauding creditors of the said Philip Tischler and preventing the collections of the claims and debts due by the said Philip Tischler to various and sundry creditors; that the consideration for the conveyance of the real estate hereinabove described to the defendant, Flora Tischler Max by the Metropolitan Company was paid by the defendant Philip Tischler, and that the defendant Philip Tischler entered into the enjoyment of the rents and profits derived from said real estate and has continued to enjoy said rents and profits, although said property was held in the name of Flora Tischler Max; that prior to this, the said defendant Philip Tischler had a verbal agreement with Thalheimer Brothers, a partnership, doing business in New York City, New York State, which said partnership had held and foreclosed a mortgage against the said Philip Tischler in an action brought in this Court in Chancery, against the said Philip Tischler on Lot eight (8) Block thirty-two (32)

of the City of Jacksonville, Florida, by which verbal agreement it was agreed by and between the said Thalheimer Brothers and the said Philip Tischler that the title to said lot should be held by the said Thalheimer Brothers, but that upon the sale of said property by the said Thalheimer Brothers, the said Thalheimer Brothers should retain such sums as might be or were necessary to repay them, the said Thalheimer Brothers, for money loaned the said Philip Tischler, together with interest thereon, and costs of court in connection with the fore closure of the said mortgage, together with reasonable costs and expenses to which the said Thalheimer Brothers had been put in the matter of foreclosing said mortgage, and should pay any and all sums in excess which might be secured by the sale of said property to said Philip Tischler, and your orators allege that said verbal agreement between the said Thalheimer Brothers and the said Philip Tischler, as a matter of law, amounted to a recognition by the said Thalheimer Brothers as an equity of redemption which the said Philip Tischler had in said property, and was in the nature of a collusion between the said Philip Tischler and the said Thalheimer Brothers for the purpose of defrauding the other creditors of the said defendant Philip Tischler, and preventing them from realizing and collecting the amounts due them on their respective judgments; that the said Thalheimer Brothers have, since the discharge of the said Philip Tischler from bankruptcy, paid to him a large sum of money, to-wit: the sum of forty thousand ($40,000.00) dollars, and that said forty thousand ($40,000.00) dollars was in the form of an equity of redemption; that on the 30th day of March, 1911, the said Flora Tischler Max, defendant, wife of Nathan Max, conveyed to the said

Philip Tischler, defendant, the property before that time held in her name, as is more fully set out herein above, in Section eight; that said conveyance was without any consideration whatever; that said conveyance was not made until after the two years allowed the creditors of the said Philip Tischler for the re-opening of his dis charge in bankruptcy hereinabove set out or for the prosecution of him for having made false statements in his schedule filed in connection with his petition for voluntary bankruptcy, had elapsed and there was, and is, no remedy left your orators in the United States Courts under the bankruptcy proceedings and statutes for the recovery of this property or for the collection of their claim against this property which was fraudulently concealed in said proceedings, but that said statutes has run against your orators and other creditors, and they are precluded from re-opening said proceedings; that complainants did not learn of the facts hereinabove stated and alleged as to the fraudulent character of the conveyance of the real estate to Flora Tischler Max and the fraudulent holding of the same by her nor of the fraudulent collusion between the defendant Philip Tischler and Thalheimer Brothers until after the limitations imposed by the United States Bankruptcy Acts had run against them, but that when your orators were informed of said facts a petition was filed by them in said United States Court alleging the same and praying for the appointment of a Trustee for the Bankrupt, the defendant Philip Tischler and that said Trustee was appointed; that thereupon an action in ejectment to recover possession of said real estate and monies was begun by the said Trustee in Bankruptcy against the defendant Philip Tischler and that the same is now pending in this court;

that said Philip Tischler is now, and has been since March 30, 1911, in possession of the premises conveyed to him by the said Flora Tischler Max as aforesaid, with title in his own name, and that the execution issued out of this court as aforesaid cannot be levied on said property by reason of the discharge in bankruptcy hereinabove referred to, but that your orators claim, having been reduced to a decree having the full force and effect of a judgment, and execution having been duly issued thereon, and having been returned as above set out, and said return having been set aside by the Supreme Court, your orators are without any remedy at law, either in the Bankruptcy Court or in the Courts of Law of this State, whereby they reach the property herein named and described, that has been fraudulently concealed, both from the Courts of this State and from the Courts of the United States; wherefore, your orators pray that they may be heard in equity, that the Court will decree the appointment of a Receiver who shall reduce to possession the property herein described in this Bill, both the real estate described herein, and the Forty Thousand ($40,000.00) Dollars paid to Philip Tischler, defendant, in whatever form this money may now be, and that said lands herein above described and the money paid to the defendant Philip Tischler, by the said Thalheimer Brothers, in whatever form it may be, be held in trust for your orators and for the other judgment creditors of the said Philip Tischler, and subjected to the payment of the claim of your orators and the claims of such other creditors as may properly present their claims to him, and also that your orators may have such other and further relief in the premises as the case may require and to your Honor seem meet."

The grounds of the demurrer of Philip Tischler to the bill of complaint are as follows:

"First: That the plaintiffs have not in and by their said Bill made or stated such a case as entitled them or either of them in a Court of Equity to any relief as to the matters contained in said Bill, or any of such matters.

Second: That this Court has no jurisdiction to grant any relief to the plaintiffs, and that the jurisdiction, if any, is in the District Court of the United States.

Third: That the Bill shows on its face that the defendant Philip Tischler has been discharged from the payment of the demands of the plaintiffs by a decree of the District Court of the United States for the Southern District of Florida in Bankruptcy.

Fourth: That the plaintiffs' bill on its face shows that the plaintiffs are barred from having any relief by the Statute of Limitations.

Fifth: That the bill on its face shows that the plaintiffs are barred from having any relief by their own laches, and the bill does not show that the plaintiffs exercised due diligence to an earlier discovery of the fraud alleged in the bill."

The demurrer of Flora Tischler Max and her husband, Nathan Max, is "that the plaintiffs have not in and by their said Bill made or stated such a case as entitled them or either of them in a Court of Equity to any relief against these defendants."

Both demurrers were sustained, and the complainants appealed.

The demurrer admits the material and well pleaded allegations of the bill of complaint; and if equity is alleged for any relief consistent with the prayer, the demurrer to the whole bill should not be sustained.

While the money decree against Philip Tischler obtained by the Robinsons in December, 1904, and the deficiency decree obtained in 1908 could not have been enforced by execution issued at law to be levied upon the equitable property of the debtor, yet if Tischler had in fraud of his creditors caused the legal title to lands to be placed in another leaving the beneficial interest in himself, judgment creditors having an equitable right to a lien on the debtor's interest in the land, could in equity subject the interest of Tischler in such property to the satisfaction of the decrees having the force of judgments, where no rights of innocent purchasers for value and without notice of the fraud intervened. See Macfarlane v Dorsey, 49 Fla. 341, 38 South. Rep. 512. The allegations of the bill of complaint admitted by the demurrer, show a placing of the legal title to the property in the defendant Mrs. Max in 1904, in fraud of the rights of creditors of Tischler who had the beneficial interest and who after the bankruptcy proceedings in 1909, took the legal title from his niece. If the right to an equitable lien on the property existed before the bankruptcy proceedings, and such right has not been enforced or lost, and the debtor's interest in the property has not been in any way subjected to his debts, and the property is not held by an innocent purchaser for value, the equitable lien may, on the allegations here admitted, be declared now by the State court of competent jurisdiction even if the assets when available should be administered in

the bankruptcy court. See Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. Rep. 67.

There appears to be an equity allleged in favor of the complainants, and if others are entitled to participate therein, or if the administration of the assets should be by the Bankruptcy Court, the State Chancery Court may declare the lien even if it should go no further.

A discharge of the debtor in bankruptcy is from personal liability. The bankruptcy proceedings did not discharge or abrogate the vested liens of judgment creditors acquired more than four months before bankruptcy proceedings on property which the debtor had and fraudulently kept from his creditors in the bankruptcy proceeding. See John Lislie Paper Co. v. Wheeler, 23 N. D. 477, 137 N. W. Rep. 412, 42 L. R. A. (N. S.) 292; Bridge v. Kedon, 163 Cal. 493, 126 Pac. Rep. 149; Evans v. Staalle, 88 Minn. 253, 92 N. W. Rep. 951; Gregory Co. v. Cale, 115 Minn. 508, 133 N. W. Rep. 75. This is true even though the creditor could not enforce a specific lien by execution at law since he had long prior to the bankruptcy proceedings, and now had a right to an equitable lien on the property.

The bankruptcy law is not designed to aid in a fraud, or to prevent equitable relief to creditors against fraudulent acts of a debtor; and where the creditors seeking such equitable relief by reason of previously acquired equitable liens, do not purposely ignore or violate the terms or the spirit of the bankruptcy law, and no unlawful preference among creditors is sought by those asking such equitable relief, it may be afforded in appropriate proceedings.

Laches do not appear from the allegations of the bill

of complaint, and apparently there is no statutory bar that should be applied to defeat the asserted right to an equitable lien. Even if the trustee in bankruptcy appointed at the instance of the complainants is a proper party to ask the relief here sought, under the 1910 amendment of the bankruptcy law, the creditor is not an improper party under the circumstances, and the right given the trustee is not exclusive.

As the State court of equity may at least decree that the propery be subjected to the proper demands of lien holding creditors, even though the funds should be administered by the bankruptcy court, the bill of complaint is not without equity, and a general demurrer to the entire bill should not be sustained.

Reversed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS, JJ., concur.