CHARLES S. MOUNTEIN, *Appellant,* v. BIRDIE E. KING, *Appellee.*

## Opinion fiiled January 10, 1918.

1. A demurrer which is addressed to the entire bill must be treated as a general demurrer, and should be overruled if there is any equity in the allegations of the bill, even though there are grounds of the demurrer which might prevail if the same were incorporated in a special demurrer, and directed to the vulnerable parts of the bill.

2. Where a demurrer is to the whole bill, special grounds therein that are not applicable to the whole bill will not be considered. Multifariousness goes to convenience more than to the merits; and when there is a general demurrer for want of equity, a ground of demurrer for multifariousness may not avail if there is equity in the bill. A bill is not multifarious because it seeks in a proper case to procure partition and an accounting.

3. Frequently the fact that demands which are otherwise entirely distinct relate to the same subject-matter affords a sufficient connection to justify their union in one bill, and avoids an objection for multifariousness.

4. To render a bill in equity multifarious for misjoinder of causes it must contain two or more distinct and independent causes of action that cannot properly be joined in one bill of complaint.

5. In considering the question of multifariousness the matter particularly involved is convenience in the administration of justice, and if this can be accomplished by the mode of procedure adopted, an objection for multifariousness should not be allowed.

6. It it well settled that the objection of multifariousness or misjoinder is a personal one, and that only a defendant who is prejudiced thereby can be heard to complain of it.

7. While a bill in equity should not contain distinct and disconnected causes of action as to which different independent decrees may be rendered, yet one defendant against whom relief is sought in every phase of the case is not prejudiced by the joinder of matters, and he cannot in general justly complain on his demurrer to the bill of complaint of having one rather than several suits bought against him.

8. Matter that may be regarded as surplusage does not render a bill multifarious.

9. It must be assumed that a chancellor will grant only such relief as the parties are entitled to on the pleadings and evidence under the applicable principles of law.

Appeal from Circuit Court for Washington County, A. G. Campbell, Judge.

Order affirmed.

*Hutchison & Langston* and *Watson & Pasco,* for Appellant;

*James H. Finch,* for Appellee.

WHITFIELD, J.—An amended bill of complaint herein brought by Birdie E. King against Charles S. Mountein and Loren E. Mountein, alleges that the complainant and defendants are the surviving heirs of Miles Mountein and his wife Annie Mountein; that as such heirs each is entitled to an undivided one-third interest in described real estate in Washington and Pasco Counties inherited from their ancestors; that after complainant moved to the State of Alabama about the year 1902, the defendant continued to occupy and use the land and rented to others a portion of it; that on October 2, 1906, complainant conveyed to Charles S. Mountein her

interest in the lands in Washington County in trust for the purpose of making a sale of the lands and complainant's interest therein; that complainant believed at the time she signed and executed such conveyance that it was so drawn as to carry out the agreement between complainant and the defendant, to-wit: that your complainant should appoint the defendant, Chas. S. Mountein, as her trustee for the purpose of enabling the defendant, Chas. S. Mountein, to sell and dispose of your complainant's interests in the aforesaid Washington County lands for her; that the only consideration for said deed was the agreement and undertaking of the defendant, Chas. S. Mountain, to act for your complainant in selling and disposing of the aforesaid Washington County lands and paying over to your complainant your complainant's one-third interest therein; that after obtaining the deed from complainant, Charles S. Mountein sold to J. C. Davis a described 80 acres of the Washington County land and as security for the balance of the purchase price of said lands the defendant, Chas. S. Mountein, took from the said J. C. Davis a mortgage upon said lands for the sum of $1460.00; that complainant does not know what amount of money the defendant, Chas. S. Mountein, received from the said J. C. Davis for the said lands, but complainant avers upon information and belief that the defendant, Chas. S. Mountein, received from the said J. C. Davis, for the purchase of said lands a sum largely in excess of the amount mentioned in the said mortgage, to-wit: $1460.00. That the defendant, Chas. S. Mountein, contrary to the agreement and understanding between your complainant and him, the said Chas. S. Mountein, has wholly failed to pay over to your complainant your complainant's one-third interest

in the purchase money realized from the sale of the said lands to the said J. C. Davis and has wholly failed and refused to pay over to your complainant any portion of the moneys received or realized from the sale of said lands.

The prayer is for an accounting by Charles S. Mountein; for a cancellation of the conveyance from complainant to Charles S. Mountein and for partition of the lands, except the 80 acres sold to J. C. Davis and for general relief.

Demurrers to the amended bill of complaint interposed by Charles S. Mountein were overruled and he appealed from such order.

The first demurrer was a general one to the whole bill of complaint for want of equity and for multifariousness, and also contains special grounds. The "additional demurrer" goes to the whole bill for multifariousness and also contains grounds addressed to so much of the bill of complaint "as prays for a partition of the lands therein alleged to lie in Washington County" and also "to so much of the amended bill of complaint as seeks partition of the land in Pasco County."

A demurrer which is addressed to the entire bill must be treated as a general demurrer, and should be overruled if there is any equity in the allegations of the bill, even though there are grounds of the dumurrer which might prevail if the same were incorporated in a special demurrer, and directed to the vulnerable parts of the bill. Warren v. Warren, 66 Fla. 138, 63 South. Rep. 726.

Where a demurrer is to the whole bill, special grounds therein that are not applicable to the while bill will not be considered. Multifariousness goes to convenience

more than to the merits; and when there is a general demurrer for want of equity, a ground of demurrer for multifariousness may not avail if there is equity in the bill. A bill is not multifarious because it seeks in a proper case to procure partition and an accounting. Carlton v. Hilliard, 64 Fla. 228, 60 South. Rep. 220; Weston v. Blake, 61 Me. 452.

A bill to quiet title and for an accounting is not multifarious. Law v. Taylor, 63 Fla. 487, 58 South Rep. 844; Gasque v. Ball, 65 Fla. 383, 62 South. Rep. 215. A bill for injunction and damages is not multifarious. Brown v. Solary, 37 Fla. 102, 19 South. Rep. 161.

"Frequently the fact that demands which are otherwise entirely distinct relate to the same subject-matter affords a sufficient connection to justify their union in one bill, and avoids an objection for multifariousness." 16 Cyc. 246, and authorities cited.

To render a bill in equity multifarious for misjoinder of causes it must contain two or more distinct and independent causes of action that cannot properly be joined in one bill of complaint. Ritch v. Eichelberger, 13 Fla. 169; Sanderson's Adm'rs. v. Sanderson, 17 Fla. 820.

"In considering the question of multifariousness the matter particularly involved is convenience in the adminintration of justice, and if this can be accomplished by the mode of procedure adopted, an objection for multifariousness should not be allowed." Farrell v. Forest Inv. Co., 73 Fla. 191, 74 South. Rep. 216.

Under the statute the court in proper proceedings for partition may adjudicate all controversies among the parties as to the legal title and right of possession though some of the parties claim adversely under a legal title, or dispute the title and right of the others to pos-

session. · Christopher v. Mungen; 61 Fla. 513, 55 South. Rep. 273; Ibid. 534, 55 South. Rep. 273.

The demurring defendant is connected with all the allegations made and relief sought here. · It is well settled that the objection of multifariousness or misjoinder is a personal one, and that only a defendant who is prejudiced thereby can be heard to complain of it. 14 Ency. Pl. & Pr. 212; Buerk v. Imhaeuser, 8 Fed. Rep. 457; Bermes v. Frick, 38 N. J. Eq. 88; Durling v. Hammar, 20 N. J. Eq. 220; Vreeland v. Vreeland, 49 N. J. Eq. 322, 24 Atl. Rep. 551.

While a bill in equity should not contain distinct and disconnected causes of action as to which different independent decrees may be rendered, yet one defendant against whom relief is sought in every phase of the case is not prejudiced by the joinder of matters, and he cannot in general justly complain on his demurrer to the bill of complaint of having one rather than several suits brought against him. See Brown v. Solary, 37 Fla. 102, text 115, 19 South. Rep. 161; Bermes v. Frick, *supra;* 14 Ency. Pl. & Pr. 213; Buerk v. Imhaeuser, *supra;* 1 Daniels's Chan. Prac. 336; Olds v. Regan (N. J. Eq.) , 32 Atl. Rep. 827; Couse v. Columbia Powder Mfg. Co., (N. J. Eq.) , 33 Atl. Rep. 297; Farrell v. Forest Inv. Co., *supra.*

Matter that may be regarded as surplusage does not render a bill multifarious. 14 Ency. Pl. & Pr. 206; Ritch v. Eichelberger, 13 Fla. 169. Equity is opposed to a multipliicty of suits. Deans v. Wilcoxon, 25 Fla. 980, 7 South. Rep. 163.

There are allegations sufficient for an accounting against Charles S. Mountein; and even though no such showing is made of a right to have partition of the

Washington County land as to give the court, under the statute, jurisdiction to partition the Pasco County lands, and though no relief can properly be given where it affects the rights of J. C. Davis, he not being made a party, yet as the bill states an equity for accounting from Charles S. Mountein, and as the demurrers are by Charles S. Mountein alone, and are addressed to the entire bill with grounds of special demurrer contained in one of them, they were properly overruled as an entirety, Charles S. Mountain being interested in all the relief prayed. It must be assumed that the chancellor will eventually grant only such relief as the parties are entitled to on the pleadings and evidence under the applicable principles of law.

In Buckmaster v. Kelley, 15 Fla. 180, text 199, it was held that "a suit for partition should not be joined with one for a foreclosure. The manner of proceeding in the suits is entirely different in the matter of process, parties, pleadings, issues and decree." In Mattair v. Payne, 15 Fla. 682, legal and equitable causes were confused. In Murrell v. Peterson, 57 Fla. 480, 49 South. Rep. 31, the complainant did not state a case for the relief as prayed.

The order appealed from is affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.