J. A. RATLIFF, MARTHA E. RATLIFF, W. W. CHASE, MRS. MARGARET CHASE, FRANK H. THOMPSON, MRS. NELL THOMPSON, RATLIFF HOLDING COMPANY, a corporation, and BAKER-HOLMES REALTY COMPANY, a corporation, *Appellants*, vs. SARAH J. NOWERY, Administratrix of the Estate of S. E. Nowery, deceased, and AMELIA BRUNSON a widow, *Appellees*.

136 So. 895.

En Banc.

Opinion filed October 1, 1931.
Petition for rehearing denied November 18, 1931.

*Edwards & Marchant* and *Baker, Baker & Rutherford,*
for Appellants;

*Rogers & Rogers,* for Appellee, Sarah J. Nowery;

*H. E. Oxford,* for Appellee Amelia Brunson.

ANDREWS, Commissioner:—Appellees, as complainants be-
low filed their creditors' bill in the circuit court of Polk
County against appellants, as defendants below, which seeks
a decree adjudging that each of the conveyances made by

J. A. Ratliff and wife to the Ratliff holding Co., a corpora-
tion, was made to the said company without consideration,
that grantee acquired no title thereto, and that in equity
the said company should be decreed to be holding said
property in trust. The bill alleges that J. A. Ratliff is also
the owner and holder of a mortgage executed by W. W.
Chase and wife and Frank H. Thompson and wife in the
sum of $3750.00, also the owner and holder of a certain
mortgage given to him in the sum of $19,800.00 covering
four named blocks in the city of Lakeland executed by the
Baker Holmes Realty Co. The bill seeks to have such in-
terest as may now be owned by defendant J. A. Ratliff in
said mortgages applied by the court to the payment of
complainants' judgments.

The bill of complaint alleges that Samuel E. Nowery,
now deceased, brought suit against J. A. Ratliff on the
first of the series of said notes aggregating $3500.00 and
interest thereon; that there was a return nulla bona on
the execution issued on the judgment entered on said first
note; that complainant Sarah J. Nowery, as administratrix
of the Estate of Samuel E. Nowery, brought suit on other
notes of the same series against J. A. Ratliff and at the
time of filing creditors' bill herein, these notes had not
been reduced to judgment; that complainants are now the
owners and holders of judgments on the notes referred to
and that same remain in full force and effect, and that the
same with interest thereon are still unsatisfied.

The two complainants joined in this suit seek to have
the court declare void as a fraud against them as creditors,
the deeds executed by J. A. Ratliff and wife without con-
sideration to the Ratliff Holding Co., also to have sub-
jected to their judgment any amounts due J. A. Ratliff on
the said mortgages above-referred to.

To the creditor's bill, a demurrer was filed jointly by J.
A. Ratliff and wife and Ratliff Holding Co. and a separate
demurrer was also filed by Baker-Holmes Realty Co. The

demurrers were each overruled, from which appeal was taken.

Appellants state that the main question presented here for review, upon which appellants rely for reversal, is that the bill of complaint is multifarious (1) as to parties complainant; (2) as to causes of action and (3) as to parties defendant.

In the case of Murrell v. Peterson, 57 Fla. 480, 49 So. 31, this Court said:

"While the rule as to multifariousness may, generally speaking, be said to be 'one very much of convenience,' and while there may not be 'any positive inflexible rule as to what, in the sense of a court of equity, constitutes multifariousness, which is fatal to a suit on demurrer,' yet, broadly speaking, multifariousness in a bill may be defined as 'the improperly joining in one bill distinct and independent matters, and thereby confounding them.' There are at least two general and distinct forms of multifariousness, one consisting in uniting in the same bill distinct and disconnected subjects, matters or causes, the other consisting in joining in the same suit, either as complainants or defendants, parties who are without a common interest in the subject of the litigation and have no connection with each other. Whenever multifariousness plainly appears in a bill it is ground for demurrer."

Where complainants in an equity proceeding have a common interest in the subject of the litigation and have some relation to each other growing out of the common interest, and the allegations of the bill are of a single distinct equity as to which the specific relief is prayed against a single defendant the bill is not multifarious. Arcadia Mercantile Co. v. Branning, 59 Fla. 428, 52 So. 588; Richardson v. Gaither, 70 Fla. 145, 69 So. 699.

In the case of Murrell v. Peterson, supra, in speaking of what may constitute multifariousness in *equity proceedings* this Court quoted with approval from Shields v. Thomas, 18 Howard, 253, 259, that

" 'There is perhaps no rule established for the conduct-

ing of equity pleadings with reference to which there has existed less of certainty and uniformity in application than has attended this relating to multifariousness.' ''

The opinion then quotes from Mr. Justice Story:

''The conclusion to which a close survey of the authorities will conduct us seems to be that there is not any positive inflexible rule as to what in a sense of a court of equity constitutes multifariousness, which is fatal to a suit on demurrer.''

The above decisions of this Court have reference to bills in chancery generally. The rule as to creditors' bill is even more relaxed.

Whether or not it is multifarious as a creditors' bill as to *parties complainant*—it is observed that the complainants each had filed actions at law on promissory notes and obtained judgments at law against J. A. Ratliff and that executions issued thereon had been returned nulla bona. It is well settled that creditors of the same debtor, each of whom is entitled to resort to equity although their claims are several and distinct, may join in a creditors' bill, provided all creditors so joining stand on the same footing and have judgments. 15 C.J. 1413, and 1414, Section 114. See cases there cited.

In fact the very nature of a ''creditors' bill''.as its name implies may often negative the claim of multifariousness that might ordinarily apply to other bills in chancery as to parties complainant, as its very purpose is to allow several creditors, although having unrelated claims, to join in one suit in order to prevent a multiplicity of suits, provided only that the relief sought by them is substantially the same and the same defenses are applicable to each. 8 R. C. L. 31, Sec. 35; 15 C. J. 1424, Sec. 143.

As to multifariousness as to *causes of action*: It is observed that the creditors' bill is brought to set aside deeds made by J. A. Ratliff and wife to Ratliff Holding Co.; also to subject to the payment of these judgments the notes

and mortgages made by the Baker-Holmes Realty Co.; also mortgages executed by Chase and wife and Thompson and wife to J. A. Ratliff.

In the case of Mountein v. King, 75 Fla. 12, 77 So. 630, this Court said:

"To render a bill in equity multifarious for misjoinder of *causes* it must contain two or more distinct and independent causes of action that cannot properly be joined in one bill of complaint." See also Johnson v. Benbow, 93 Fla. 124, 111 So. 504. (Italics supplied).

It was also held in the above cases that the particular matter involved is the convenience in the administration of justice and if this can be accomplished by the mode of procedure adopted an objection for multifariousness should not be sustained. The judgment debtor is ordinarily a necessary party defendant to a creditors' bill to reach property of the debtor not subject to execution and to subject the same to the satisfaction of the judgment and in such proceeding *persons indebted to the defendant, or holding money or property in which he has an interest, or holding evidences or securities* for same may be also made defendants, therefore a demurrer to a creditors' bill does not lie for misjoinder of causes of action, in some of which particular defendants have no interest, when the case presented by the bill is so entire that it cannot be prosecuted in several suits, and when each of the defendants is a necessary party to some part of the case stated. 8 R. C. L. 29, 32; Robinson v. Springfield Co., 21 Fla. 203; Way v. Gragaw, 16 N. J. Eq. 213, 84 Am. Dec. 147 and note.

With further reference to multiplicity of *parties defendants*, this Court in the case of Hayden v. Thrasher, 18 Fla. 795, said that

"A bill in the nature of a creditors' bill is not multifarious because it prays discovery and relief against several who are not united in interest and who may be strangers to each other as the object of the bill is to reach sundry assets of the principal defendants in their

several possessions." Dean v. Wilcoxson, 25 Fla. 980, 7 So. 163. See also 15 C.J. 1415, Secs. 117, and 118.

The purpose of this suit was not only to reach property, title to which had been in the owner J. A. Ratliff, as in case of the deed to the Ratliff Holding Co., but to reach mortgages held by Ratliff on other property which may not be subject to execution by law. In fact it has been indicated by this Court that a mortgage, being merely a contract lien upon the land mortgaged may not be subject to levy and consequently not subject to the lien of an execution at law. Evins vs. Gainesville Nat. Bank, 80 Fla. 84, 85 So. 659; Geo. E. Sebring Co. vs. O'Rourke, 101 Fla. 885, 134 So. 555.

In this case it was unnecessary as a prerequisite to filing and obtaining a judgment pursuant to the creditors' bill that the bill of complaint should allege that a nulla bona had been returned on an execution at law, in so far as the property deeded to Ratliff Holding Company by Ratliff and wife is concerned as to which it is alleged that defendant Ratliff had title; but as to Ratliff's equity in the mortgages referred to a nulla bona on execution may have been necessary as a prerequisite. Neubert v. Massman Bros., 37 Fla. 91, 19 So. 625; Robinson v. Tischler, 69 Fla. 77, 67 So. 565; Punta Gorda State Bank vs. Wilder, 93 Fla. 301, 112 So. 569, 571; Balsley v. Union Cypress Co., 92 Fla. 706, 110 So. 263; Adams Brewing Co. v. Bowman, 92 Fla. 509, 109 So. 583; Geo. E. Sebring Co. v. O'Rourke, supra.

The creditor's bill was not multifarious and deficient on demurrer merely because the assets sought to be reached involved property to which Ratliff "had title" also property to which he only had "equitable interest."

It appearing that the trial court did not commit reversible error in overruling the demurrer of defendant to the bill of complaint, the said order is hereby affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared

under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the order of the court below should be, and the same is hereby affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, BROWN AND DAVIS, J.J., concur.

TERRELL, J., not participating.