EMMA M. CRAFT, PLAINTIFF IN ERROR, VS. EARNEST T. KENDRICK, DEFENDANT IN ERROR.

1. A promise to pay the debt of a third person, arising out of some new consideration of benefit to the promisor, or harm to the promisee. moving to the promisor, either from the promisee or the original debtor, is not within the statute of frauds, although the original debt still subsists and remains unaffected by said agreement.

2. If A employs B to build a house, and B employs C to do a certain portion of the work, and C after performing a part of the work discontinues labor and refuses to do more unless A will agree to pay him the amount due him by B, and A thereupon promises C to pay the debt due him by B, whereupon C enters upon and completes his work upon the house, such agreement, though oral, is valid upon sufficient consideration and not within the statute of frauds.

3. The pleas of *nil debit* and *non assumpsit* are inadmissible to counts for work done and materials furnished and accounts stated in declarations in assumpsit, and the Circuit Courts should not tolerate the filing of such pleas in such cases.

Writ of Error to the Circuit Court for Hillsborough county.

The facts in the case are stated in the opinion of the court.

*Carter & Wall*, for Plaintiff in Error.

*P. O. Knight*, for Defendant in Error.

CARTER, J.:

March 11, 1893, defendant in error filed in the Cir
cuit Court of Hillsborough county his declaration in
assumpsit, containing two counts—one for work done
and materials furnished; the other on accounts stated.
Defendant's pleas, *nil debit* and *non assumpsit*, were
filed May 1, 1893, and issue joined thereon May 3,
1893. A trial by jury was had May 25, 1893, result-
ing in verdict and judgment for plaintiff.

Plaintiff testified that he was employed by McCam-
mant & Campbell, contractors, to labor upon a dwell-
ing which they were erecting for defendant in 1892;
that his work was worth $466, which was the contract
price; that he was paid only about $329, leaving due
$137.37; that about November 19, 1892, before he had
completed his work, he had a conversation with de-
fendant, in which he told her the contractors had "run
away," that he was a poor man and could not afford
to lose his money, and asked her how he was to get
his money; that she told him she had over $500 of the
money due the contractors in her hands, "and that
she would see me paid; that she would pay me her-
self." To this latter remark, "that she would pay
me herself," the defendant objected, because such
promise, being oral, was in contravention of the stat-
ute of frauds. The objection was overruled and de-
fendant excepted, and this ruling is assigned as error.
The court did not err in this ruling. The evidence
objected to tended to establish an *original* promise on
the part of the defendant, and not a *collateral* prom-
ise to answer for the debt, default or miscarriage of
another. This court, in the case of American Lead
Pencil Co. vs. Wolfe & Co., 30 Fla. 360, text 371, 11

South. Rep. 488, said: "Even the promise to pay the debt of a third person arising out of some new consid-eration of benefit to the promisor, or harm to the promisee moving to the promisor, either from the promisee or the original debtor, is not within the statute of frauds, although the original debt still sub-sists and remains unaffected by said agreement," and this we think is the true rule.

Plaintiff further testified that after the making of this promise he continued to work upon the house under his contract, and did so upon defendant's prom-ise to pay him; that subsequently he requested de-fendant to pay him, but she referred him to her son; that the son referred him to his mother, and the mother would not pay him, and thereupon he gave defendant a written notice on December 21, to the effect that he claimed a lien on the dwelling and lot for work and material furnished in the construction of the house, amounting to $137.37, which work was done and material furnished at the request of McCam-mant & Campbell, contractors. Defendant testified that she had a contract with McCammant & Campbell to build the house complete, and that the house was finished November 19, 1892. She admitted having a conversation with plaintiff at the time the contractor ran away, in which she told plaintiff she had $500 of the money due the contractors, and that she thought there was enough to pay all claims against the build-ing. She denies telling plaintiff she would pay him or see him paid. After this conversation Knight & Wall presented orders drawn by the contractors for all she was due them, which she paid, so that when the written notice was served she had nothing in her hands due the contractors.

The court gave the jury an instruction as follows: "If you find from the evidence that Earnest T. Kendrick performed work on and furnished material for the building and construction of the house alleged by him, that he did so at the request of the contractors, McCammant & Campbell, but that while so working he refused to go on with the work and complete the contract unless the defendant, Emma M. Craft, personally promised to pay him, whether in writing or not, that then, and in that event, she would be estopped to deny that she had at the time of the service of the notice upon her any money in her hands due McCammant & Campbell, and she would be responsible in that event for the said debt, and you should find for the plaintiff," which was excepted to. This charge was clearly erroneous. In effect the jury were instructed that if plaintiff performed labor and furnished materials for the construction of a house for defendant at the request of persons contracting with defendant to build the house, and that while working plaintiff refused to continue work unless defendant promised to pay him, that then defendant would be estopped to deny that she had at the time of the service of the notice upon her any money belonging to the contractors, and she would be responsible in that event for the debt due by the contractors to plaintiff. The fact that plaintiff refused to continue at work unless defendant promised to pay him would not bind her to pay the debt of the contractors, unless when plaintiff refused to continue work *she did promise to pay him;* and even if she then promised to pay him she would not be thereby estopped from denying that she *owed the contractors* any money when plaintiff served a notice upon her. By assuming to pay plain-

tiff under such circumstances she would render herself liable as upon any other contract, regardless of any indebtedness to the contractors; and plaintiff could recover upon this contract, and not upon any theory of estoppel.

The court gave the jury an instruction, and refused several others, requested by defendant, all based upon the supposition that plaintiff could recover under what are commonly known as the mechanics' or laborers' lien laws of this State. We think upon another trial all questions of this character should be eliminated, as plaintiff's declaration is not framed to recover upon the ground of any supposed lien as a mechanic, but upon a promise made by the defendant to pay him the debt due to him by McCammant & Campbell.

We deem it unnecessary to consider any other rulings assigned as error, as they are not likely to arise upon another trial. There is one feature of the case, however, which has not been mentioned by the counsel for either party, *viz:* that both pleas interposed by the defendant were expressly forbidden to be pleaded to this declaration. Circuit Court Common Law Rule Number 64 renders the plea of *non assumpsit* inadmissable, and Rule Number 68 abolishes the plea of *nil debit* in all actions. Such flagrant violations of these rules should not be tolerated by the Circuit Court.

The judgment is reversed for further proceedings consistent with law and this opinion.