W. W. LEAVINE, *Appellant*, v. THE BELT AUTOMOBILE IN-DEMNITY ASSOCIATION, A VOLUNTARY ASSOCIATION, WHEREOF THE ALYEA-NICHOLS COMPANY IS ATTORNEY IN FACT, C. J. ALYEA, PRESIDENT, AND F. C. NICHOLS, SECRETARY AND TREASURER, *Appellee*.

Division B.

Opinion Filed January 5, 1925.

Where under the allegations of a bill of complaint an equity for substantial relief may be sh'own by appropriate and sufficient evidence, it is error to sustain a general demurrer to the bill. Wells v. Williams, 80 Fla. 498, 86 South. Rep. 336.

An Appeal from the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Reversed.

*R. E. L. Chancey* and *John Bell*, for Appellant;

*Shackleford & Shackleford*, for Appellee.

WEST, J.—This suit is to reform and enforce a policy of insurance issued by the defendant insurance company to indemnify complainant against loss or damage by theft,

robbery or pilferage of an automobile. The bill alleges that because of inadvertence and mistake, which were mutual and common to both parties to the contract, there was a misdescription of the automobile in the application for and policy of insurance; that the automobile owned by complainant and intended to be insured was afterwards stolen and complainant, as a result, sustained a loss against which he is indemnified by the contract. There was a general demurrer to the bill, which was sustained, and this appeal is from that order.

It is conceded that mutual mistakes in a written policy of insurance may be corrected and the policy made to conform to the contract actually made, and such reformed contract may be enforced in equity. This doctrine has been frequently reiterated by this court. Hanover Fire Ins. Co. v. Hiers, 79 Fla. 408, 84 South. Rep. 605; Rosenthal v. First Nat'l. Fire Ins. Co., 74 Fla. 371, 77 South. Rep. 92; Southern States Fire Ins. Co. v. Vann, 69 Fla. 544, 68 South. Rep. 645; Fidelity Phenix Fire Ins. Co. v. Hilliard, 65 Fla. 443, 62 South. Rep. 585; Phenix Ins. Co. v. Hilliard, 59 Fla. 590, 52 South. Rep. 799.

It is not considered necessary to set out at length the allegations of the bill. The rule is that if there is any ground for equitable relief stated in the bill, a general demurrer to the bill will be overruled. Weathers v. Tyler, 86 Fla. 181, 97 South. Rep. 311; Wells v. Williams, 80 Fla. 498, 86 South. Rep. 336; Shone v. Bellmore, 75 Fla. 515, 78 South. Rep. 605; City of West Palm Beach v. Ryder, 73 Fla. 558, 74 South. Rep. 603; Mitchell v. Mason, 65 Fla. 208, 61 South. Rep. 579.

The bill in this case is not so lacking in equity as to be amenable to general demurrer. The order sustaining the demurrer is erroneous.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.