BERNICE I. WARRINGTON AND WALTER C. WARRINGTON, HER HUSBAND, *Appellants,* v. CHARLES J. WILLIAMS, JR., AND EDNA WILLIAMS, HIS WIFE, DAVID D. BUNDRICK AND JEANNETTE BUNDRICK, HIS WIFE, AND J. G. PERMENTER, *Appellees.*

## Division B.

### Opinion Filed November 30, 1926.

Where a bill of complaint does not sufficiently allege an equitable estate or right in lands, but does allege facts, showing the remedies afforded by the courts of law to be inadequate to redress a breach of contract with reference to the sale of the lands, a general demurrer to the bill of complaint should be overruled.

An Appeal from the Circuit Court for Duval County; DeWitt T. Gray, Judge.

Reversed.

*John W. Dodge,* for Appellants;

*Axtell & Rinehart,* for Appellees.

WHITFIELD, P. J..—The bill of complaint herein, brought against the appellees as defendants, alleges in effect that the complainants Bernice I. Warrington and Walter C. Warrington owned described "acreage lands," and that such lands "and some other lands," were sold in mortgage foreclosure proceedings and purchased by The Guaranty Trust and Savings Bank, the mortgagee, under an agreement with complainants herein to accept payment of the indebtedness, costs and attorney fees due, and to convey the land to complainants upon payment of the same; that defendants herein furnished the money to complainants to secure a conveyance of the lands by the mortgagee purchaser to complainants; that on March 10, 1924, the lands were conveyed to Bernice I. Warrington; that the money paid for said deed was furnished by the defendants upon the understanding and agreements that the defendants would join and associate themselves with the complainant Walter C. Warrington in securing and handling and re-selling said lands, and that Walter C. Warrington "as an experienced real estate man of years experience and familiarity with lands and having largely advertised said land, should sell the same for the joint benefit of your oratrix and orator and of said defendants; that when the said lands should be sold at a price, within a year or two years, as was contemplated when deeds were secured, the said defendants, Charles J. Wil-

liams, Jr., and David D. Bundrick, were to first get back the sums of money they had advanced for securing deeds, and any taxes they might pay, and second a profit of 100% upon their money; that your orator was to devote his time, skill and experience as a real estate man in advertising and endeavoring to sell said lands at such price as your orator thought the said lands should sell for, and that after the said defendants had been repaid all moneys advanced and 100% profit thereon the remainder, upon any sale, was to be paid to your oratrix herein; that the interest of your oratrix in said property was to be all over and above the amount advanced by defendants and 100% profits for putting up the funds necessary to pay off said mortgage; that complainants at no time sold said lands to the defendants; that it was only by and through your orator that the said The Guaranty Trust and Savings Bank would deed said property to your oratrix upon the said payment made; that the title to said property was deeded to said defendants only as joint adventurers, and to be held in trust, for the benefit of your oratrix and orator and defendants, under the agreement as aforesaid; that during the negotiations between your orator and said defendants he repeatedly stated that if they would put up the necessary funds he, your orator, would give them 100% on their money within a year or two, and that your orator would guarantee they would realize such profit, and that your orator would do all the handling, selling and advertising of said property without cost or expense or commission or compensation, and would secure a sale of said property to carry out said agreement and realize for the defendants 100% profit;" that on March 10, 1924, complainants herein pursuant to the above agreement conveyed to Charles J. Williams, Jr., an undivided three-fourths interest, and conveyed to David D. Bundrick an undivided one-fourth interest in certain described lands; that defendants have declined to observe the

agreement and are attempting to make a sale of the lands to J. Gordon Permenter in violation of the agreement; that complainants "have never surrendered possession of said property to anyone either The Guaranty Trust and Savings Bank, or the other defendants herein; that they have maintained their own signs upon said property advertising the same for sale and that the defendants Charles J. Williams, Jr., and David D. Bundrick have never taken possession of said property or exercise any acts of ownership or possession of said property hostile or antagonistic to the interests and rights of your orator and oratrix, except the very recent attempt to negotiate a sale of said property with the defendant J. Gordon Permenter."

It is prayed that the defendants "Charles J. Williams, Jr., and David D. Bundrick, be decreed to be joint adventurers with your oratrix and orator, as herein averred, as to the said lands, and that the respective rights and interests of each party be decreed by this court in said lands as herein averred; that an accounting be had between all the said parties; that said alleged option or agreement to sell said lands to J. G. Permenter be declared null and void, and to have been executed without any legal authority on the part of said Williams and Bundrick; or, in the event the said agreement is held to be valid and binding, that the said J. G. Permenter be ordered to pay said moneys into court and to execute such notes, mortgages or contracts to and with such parties as this court may direct, as are called for by his said alleged option or agreement to purchase, so that the rights and interests of your orator and oratrix may be fully protected; that a temporary injunction and hereafter a perpetual injunction may be ordered by this court, restraining the defendants Charles J. Williams, Jr., and David D. Bundrick and their wives from mortgaging, leasing, selling, conveying or otherwise

disposing of, or attempting so to do, the said lands or any part thereof, without the consent in writing of your orator and oratrix; that your oratrix and orator may have such other and further relief in the premises as may be agreeable to equity and to your honors shall seem meet."

Permenter entered a disclaimer.

The defendants demurred to the bill of complaint on grounds:

"1st.   That the allegations of said bill are vague, indefinite and uncertain.

"2nd.   That the allegations of said bill show that the complainants have a full and complete remedy at law.

"3rd.   That the allegations of said bill do not establish a trust which can be enforced in a court of equity.

"4th.   That the said bill does not allege that the agreement therein set forth was in writing.

"5th.   That the said bill does not state such a cause as entitles the complainants to the relief prayed, or any relief whatever in a court of equity."

The demurrer was sustained and complainants failing to amend, the bill of complaint was dismissed and complainants appealed.

Allegations of conclusions not sustained by facts alleged are not admitted by demurrer.

The allegations of the bill of complaint that are admitted by the demurrer do not clearly show the taking of a conveyance of land with an obligation in the nature of a trust to hold it for, or to convey it to complainants, and a breach of the obligation; but merely show a breach of contract with reference to making sales of lands conveyed to the defendants pursuant to an agreement giving complainant substantial legal if not also equitable rights in making sales of the property for which breach of contract an action at law would not afford an adequate remedy.   The

allegations of fact that are admitted by the demurrer may not show that the complainants have an equitable right or interest in the land; but under the allegations that are admitted by the demurrer, rights may be proven with reference to making sales and applying the proceeds of the lands, as to which the remedies afforded in courts of law are inadequate, therefore there is equity in the bill and the demurrer should have been overruled. See Wells v. Williams, 80 Fla. 498, 86 South. Rep. 336; Florida East Coast R. Co. v. City of Miami, 80 Fla. 329, 86 South. Rep. 208; Boone v. Gay, 84 Fla. 589; 94 South. Rep. 501; Leavine v. Belt Automobile Indemnity Ass'n., 88 Fla. 553, 102 South. Rep. 768.

Reversed.

TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.