J. E. PETERSON, *Plaintiff in Error*, vs. PAXTON-PAVEY LUMBER COMPANY OF FLORIDA, a corporation, *Defendant in Error*.

135 So. 501.

En Banc.

Opinion filed June 20, 1931.

*Lee L. Baker*, for Plaintiff in Error;

*McMullen & McMullen*, for Defendant in Error.

BUFORD, C.J.—Plaintiff in error, defendant in the court below, was the owner and contracted with certain builders to construct a building on his property. The builders ordered material from the defendant in error, plaintiff in the court below. The contractors became in arrears in payments to the materialman. The owner, about the 14th day of December, 1927, went to the materialman and made inquiry as to why material was not being de-

livered to the contractors. He was told that no more material would be delivered until the materialman received some money on his account. The owner guaranteed the payment of $1,000.00 on the account and, it is alleged, promised to pay for the balance of the material furnished. He later caused the $1,000.00 to be paid. After that date it is alleged that $390.47 worth of material was furnished. At the close of the transaction the contractors owed the plaintiff $1422.69. The plaintiff sued the defendant to recover this amount with interest from February 10, 1928. Judgment was in favor of plaintiff in the sum of $1678.77 and costs.

The case made by plaintiff only entitled him to recover from the defendant the sum of $390.47. The balance of plaintiff's claim against the defendant was based upon an alleged promise to pay the debt of another, which promise was not in writing and, therefore, was within the purview of the statute of frauds.

In other words, the case is this: The contractor owed the materialman a large amount of money. The materialman refused to furnish more material until he received at least a part of what was due him. The owner guaranteed the payment of $1,000.00 and it may be reasonably concluded from the evidence, agreed orally to pay for such material as should thereafter be furnished to the contractor to complete the construction, and, the plaintiff contends, also agreed to pay the remainder of the contractor's bill. If, and when, defendant agreed to pay for the material that should thereafter be furnished to the contractor he did not thereby assume to pay the debt of another but assumed the initial obligation. On the other hand, if the defendant did agree to pay the balance of the indebtedness at that time due from the contractor to the materialman this was an obligation to pay the debt of another and under the statute of frauds is required to be in writing. See Martyn vs. Arnold, 36

Fla. 446, 18 Sou. 791; West v. Granger, 46 Fla. 257, 35 Sou. 91.

For the reason stated the judgment was excessive.

If the plaintiff shall within thirty days after the filing of the mandate herein in the lower court enter a remittitur of an amount sufficient to reduce the judgment herein to the sum of $390.47 as of the date of its rendition with interest thereon from February 10, 1928 at 8%, the judgment for such sum remaining after such remittitur is entered shall stand affirmed. Otherwise, the judgment will be reversed. It is so ordered.

Affirmed, conditioned on remittitur.

WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J. (Dissenting in part) :—I do not think the agreement was, even as to the debt already due, unenforceable by reason of the statute of frauds. See Croft v. Kendrick, 39 Fla. 90, 21 So. 803; Harvey v. Bank of Center Hill, 83 Fla. 55, 90 So. 699.