CITY OF JACKSONVILLE, a municipal corporation, *Appellant*, v. P. F. SHAFFER and MARY E. SHAFFER, his wife, *Appellees*.

144 So. 892.

Division B.

Opinion filed December 6, 1932.

Petition for rehearing denied December 21, 1932.

*Austin Miller* and *Emmet Safay*, for Appellant;
*P. H. Odom*, for Appellees.

DAVIS, J.—This is an appeal in chancery from an order of the Circuit Court of Duval County denying a motion to dismiss appellees' bill of complaint seeking an injunction against the City of Jacksonville to restrain it from laying water mains in the streets and alleys of North Brookside Subdivision and supplying the residents there-

of with water without first making just compensation to the appellees for their rights reserved to them as shown upon the plat of said subdivision.

The plat, as recorded by the subdividers before the subdivision was included within the territorial limits of the City of Jacksonville, contained conditions and reservations on its face which read as follows:

" 'The fee in the streets and alleys shown upon this plat of North Brookside Subdivision, are hereby reserved to P. F. Shaffer, Mary E. Shaffer, his wife, G. E. Pickard and Margaret B. Long and their assigns and only an easement for the benefit of the public and purchasers by reference to this plat is hereby granted, and the right to lay railroad or street railway tracks, and all other public utilities, or any of them, is not granted, but is expressly reserved, and this shall not be deemed a public dedication except upon the condition herein imposed.' "

We have recently considered the legal effect of such reservation in a companion case to this. See City of Jacksonville v. Shaffer, decided at the present term.

It is evident from what we held in the companion case that the City of Jacksonville was without any right to do the acts sought to be enjoined in this case, without first making or securing just compensation for the property rights taken from those who had made the reservation set forth on the above mentioned plat.

Therefore there was some equity in the bill in the present case, insofar as it sought to preserve the *status quo,* and the motion to dismiss was properly denied by the Chancellor on the authority of City of Jacksonville v. Giller, 102 Fla. 92, 135 Sou. Rep. 549.

The ultimate rights and interests of the parties inter sese may be determined on the final hearing upon appropriate allegations in the pleadings with such supporting proofs as the issues made may require.

Affirmed and remanded for further proceedings.

Whitfield, P.J., and Terrell, J., concur.
Buford, C.J., concurs in the opinion and judgment.
Filed under Rule 21 A.

On Petition for Rehearing.

Per Curiam.—A petition for rehearing suggests that this Court in affirming the decree appealed from in this case apparently confused this proceeding with an earlier case between the same parties that was not appealed. This suggestion is not well taken.

The principal prayer of the bill in *this* case was also for a temporary injunction against the City of Jacksonville to restrain it from laying its pipes and furnishing water to inhabitants of North Brookside Subdivision. An additional prayer was for such other and further relief as would seem meet and equitable to the Court on final hearing.

There was a general motion to dismiss the whole bill. This motion was denied, as was also a motion to dissolve the temporary injunction that had been previously granted.

The appeal being from the single order which both denied the motion to dismiss the bill for want of equity and refused to dissolve the temporary injunction, we specifically dealt with and affirmed this one order by our previous opinion filed herein on December 6, 1932.

But we expressly declared in so doing, that the present bill afforded a basis upon which "the ultimate rights and interests of parties *inter sese* may be determined on final hearing," etc., although they could not be so decided on a mere motion to dismiss the bill, since the bill contained some equity and that rendered it good as against a general motion to dismiss for want of any equity. For that reason we expressly "affirmed and remanded" for further proceedings, the present contro-

versy so far as its merits are concerned, as they may be developed on an appropriate answer to the bill, with supporting proof if necessary.

Where a bill in equity states an equitable basis for relief by injunction, as well as other matters of equitable cognizance connected therewith, an order overruling a general motion to dismiss the bill, being the equivalent of an order overruling a general demurrer to the bill, should be affirmed, and the cause remanded for further appropriate proceedings which will result in the de-determination of the substantial equities asserted at a full hearing on the merits of the cause. Warrington v. Williams, 92 Fla. 1021, 111 Sou. Rep. 250; Hall v. Forman, 94 Fla. 682, 114 Sou. Rep. 560.

The foregoing rule was the basis for our affirmance which expressly remanded the cause for further appropriate proceedings which will no doubt give the appellant a determination of the right it claims, but which we are unable to fairly and equitably decide upon the meagre record consisting only of the bill and motion now before us, however much we might desire to accede to appellant counsel's request that we do so.

The allegations of the bill of complaint which are admitted by the motion, are sufficient to warrant an injunction against the acts of the City complained of, unless the City defendant can justify its acts either under the power of eminent domain by making or securing payment for what is taken, or by justifying in law what it is attempting to do, as being authorized to be done by it, without any requirement of compensation being made by it.

Rehearing denied.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS, J., concur in the opinion and judgment.