JAMES A. YATES, as Trustee, *et al.,* v. ST. JOHNS BEACH DEVELOPMENT COMPANY, *et al.*

160 So. 197.
Opinion Filed March 19, 1935.
Rehearing Denied April 5, 1935.

*Robert E. Anderson* and *Harry T. Gray,* for Appellants.
*George M. Powell,* for Appellees.

Davis, J.—This is another episode in the litigation previously considered by this Court in the following phases: Yates v. Peninsular Securities Corp., 107 Fla. 802, 144 Sou. Rep. 664, 145 Sou. Rep. 69; Yates v. St. Johns Beach Development Co., 112 Fla. 229, 150 Sou. Rep. 284. The present case is now before us on an appeal from an order dismissing the complainant's second amended bill of complaint for want of equity.

The bill as amended alleged that certain individual defendants desiring to acquire lands encumbered by several mortgages and to obtain time within which to pay for same, agreed with the holders of certain second mortgage bonds then in default, that if such second mortgage bondholders would waive existing defaults, accept a delayed interest payment and reinstate an agreement for extension of their mortgage, that then such defendants described in the bill as "the Dupont Interests" would form and adequately capitalize a corporation to take over the property in which event either said defendants, or said corporation, would at all times meet the payments of principal and interest to become due on said second mortgage bonds and would give protection thereto against the first mortgage, so as to make the second mortgage good in all respects. The first mortgage bonds aggregated $600,000.00; the second mortgage bonds were $125,000.00.

It is further alleged that on June 1, 1927, said second mortgage bonds were in default as to principal and interest and were then foreclosable; that on June 1, 1928, said "Du-Pont Interests," said defendants (appellees here) through their thereunto authorized representative, one N. D. Suttles, duly made the arrangement and agreement aforesaid; that the second mortgage bondholders, and their then trustee (since succeeded by one James A. Yates) accepted and agreed to said proposal of the "DuPont Interests"; that in pursuance thereto they afterwards accepted a delayed payment of interest and reinstated an agreement previously made by them for extension of the second mortgage for a period of five years from June 1, 1927; that subsequently said "DuPont Interests" complied with the Suttles agreement and undertaking on their behalf for a considerable length of time; that according to said partially executed plan Mr. Edward Ball, one of the defendants, who is alleged to constitute one of the defendants described as the "Dupont Interests," actually formed a Florida corporation under the name of St. Johns Beach Development Company, into which was passed the title to the land first hereinbefore referred to; that after making the agreement and arrangement aforesaid, and before an interest payment was made on June 11, 1928, that Suttles, still acting as agent for the "DuPont Interests," suggested a proposal for foreclosure of the second mortgage in order to carry out a plan being arranged for by Mr. Ball in conjunction with certain third mortgage bondholders; that some time thereafter the said defendants, "The DuPont Interests," and the corporation, St. Johns Beach Development Company, undertook to repudiate their agreement and undertaking to protect the second mortgage bondholders against foreclosure of the first mortgage, in consequence of which suit to foreclose the first

mortgage had been brought to the prejudice of the second mortgage bondholders who are represented in this case by the appellants who sue as owners of the second mortgage bonds and as trustee.

The prayer of the second amended bill is as follows:

"Orators therefore pray that the defendants, severally, be required to answer this amended bill, but not under oath, the answer under oath being hereby expressly waived; and upon hearing may the Court decree that the defendants, Edward Ball, Alfred I. DuPont and Almours Securities, Inc., severally obligated themselves to give protection to the bonds of your orators and to meet the payments of principal and interest due thereon, so as to made said bonds good in all respects; may an appropriate decree be entered requiring said defendants to comply with their said undertaking, either directly or through their corporation (the defendant, St. Johns Beach Development Company) and, if defendants elect to comply through said corporation, may they be required to supply said Company with funds adequate for that purpose; may an accounting be taken in this cause to determine the sums which orators are lawfully entitled to receive and may orators have such other and further relief in the premises as the nature of the case may require and as to your Honors shall seem meet and proper."

The theory of appellants' suit was in the nature of a bill for specific performance to compel the defendants, described in the bill as "the DuPont Interests," to perform and carry out their alleged promise) undertaking an engagement to make good the second mortgage bonds in manner and form as alleged in consideration of the acts and things done by said second mortgage bondholders.

Partial performance of the alleged contractual engagement is alleged, and if the agency of Suttles to act for the

"DuPont Interests" in other particulars be regarded as established as it must be for our consideration of the questions involved on this appeal wherein the defendants' motion to dismiss the amended bill must be taken as admittting the allegations of said second amended bill for the purpose of determining its sufficiency) a claim of equitable cognizance on the face of the complainants' pleading is unquestionably made out by the allegations of the second amended bill of complaint, which bill must be taken as true on this appeal. See City of Jacksonville v. Shaffer, 107 Fla. 363, 144 Sou. Rep. 892.

If, as alleged in the bill of complaint as now amended, the defendants, Alfred I. DuPont, Edward Ball and Almours Securities, Inc., for their own special benefit and advantage as prospective owners of the mortgaged property, and for the considerations stated as a part of the collateral undertaking relied upon as the foundation of the present suit, entered into a contractual obligation with appellants to give protection to their second mortgage bonds, which were at the time due and foreclosable to the prejudice of said defendants as then situated, and said defendants have now repudiated said undertaking and are refusing to carry it out, to the detriment of the complainants below, as second mortgage bondholders, the equitable right of said second mortgage bondholders, which entitled them to resort to a court of equity to enforce and protect their mortgage lien, extends to the right to have specifically enforced in equity any specifically enforceable contractual obligation entered into by third parties for the exoneration of the land, which is the subject of their lien, from liability under a prior lien by which it might be defeated. See Brogen v. Ferguson, 101 Fla. 1311, 133 Sou. Rep. 317, for the reasoning upon

which the right to maintain such an exoneration suit in equity is founded.

The fact that a suit at law for damages for breach of contract might be maintained at the option of the party injured by failure to perform an exoneration undertaking, would not defeat his equitable right to sue in a court of chancery for the specific enforcement of the agreement to affirmatively exonerate where it is shown to be necessary to protect the encumbered property from a dominant lien in order to preserve the inferior lien of the party entitled to be exonerated. In such cases the right to sue at law is an alternative remedy to be pursued or not at the election of the inferior lien-holder affected by the failure to perform the collateral undertaking to exonerate.

The second amended bill of complaint is not objectionably multifarious. This is so because its object is to bring about a single equitable result for the protection of complainants asserted rights as second mortgage bondholders against the severally named defendants, through the action of any one of whom, or through a concurrence of action of all of whom, such equitable result may be achieved. Knight & Wall Co. v. Tampa Sand Lime Brick Co., 55 Fla. 728, 46 Sou. Rep. 285.

Laches on the face of the amended bill does not appear, and if available, should be asserted as a defense under the circumstances of the controversy as they are claimed to exist. Seaboard All Florida Ry. Co. v. Underhill, 105 Fla. 409, 141 Sou. Rep. 306; Huff v. Ford, 289 Fed. 858 (text 875); King v. Dekle, 53 Fla. 940, 43 Sou. Rep. 586; McNabb v. Tampa & St. Petersburg Land Co., 78 Fla. 149, 83 Sou. Rep. 90.

The theory of the second amended bill is that there was, as alleged, a contractual undertaking on the part of the de-

fendants below to make good the bonds of the appellants as second mortgage bondholders, by exonerating the affected property from the assertion of the prior lien of the first mortgage bonds, and that such separate undertaking was predicated upon a new consideration, viz.: forbearance on the part of the second mortgage bondholders in not foreclosing their second mortgage bonds at the time they were due and foreclosable and further by subsequently extending the same under a renewed extension agreement. It follows therefore that the statute of frauds relating to and requiring contracts to answer for the debt, default or miscarriage of another person to be in writing, is inapplicable to a collateral undertaking wherein it is alleged and shown that such undertaking was founded upon an entirely new consideration that has been fully executed on one side and the new contract partially performed by the party sought to be charged and held. Craft v. Kendrick, 39 Fla. 90, 21 Sou. Rep. 803.

In the face of a general motion to dismiss a bill for want of equity, the sufficiency of the bill must be tested as if the case were being considered on a general demurrer to the bill under the pre-existing equity practice. If there appears to be cause shown in such bill for the award of any equitable relief whatsoever, although the bill may be insufficient in particular paragraphs or claims, a general motion to dismiss the bill for want of equity should be denied.

We think the second amended bill of complaint in the present case sufficient to withstand a motion to dismiss for an entire want of equity. It follows that defendants below should be required to answer the same within such time as the Chancellor shall by appropriate order require. In so holding we reserve for future consideration other propositions raised and argued herein which we have not herein

specifically discussed by reason of the fact that we do not consider them properly determinable on the present appeal.

Reversed and remanded for appropriate proceedings not inconsistent with this opinion.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.