JAMES A. YATES v. ST. JOHNS BEACH DEVELOPMENT CO.

165 So. 384.
Opinion Filed May 10, 1935.
Opinion on Rehearing Filed December 27, 1935.

*Robert H. Anderson* and *Harry T. Gray,* for Plaintiff in Error;

*George M. Powell,* for Defendant in Error.

DAVIS, J.—This is a writ of error brought to reverse a judgment at law rendered in another phase of the controversy recently considered by this Court in an equitable proceeding involving many of the same propositions now urged as grounds for reversal of the common law judgment. See Yates v. St. Johns Beach Development Co., 118 Fla. 788, 160 So. Rep. 197.

In addition to the assignments of error urged on the present appellate proceeding, we have before us a motion by counsel for defendants in error to require the opposite parties to elect as to which of the proceedings, legal or equitable, they will stand upon for ultimate relief.

The judgment in this case having been rendered in conformity with the legal view entertained by the Circuit Court in the companion equity case, the decree in which was re-

versed by this Court on March 19, 1935, as appears by reference to the above cited opinion in Yates v. St. Johns Beach Development Co., *supra*, it is appropriate that the judgment in this cause be vacated and the cause remanded to the Circuit Court for further proceedings, to deal appropriately with the motion to elect and with the controversy here involved in the light of the declaration of law made by this Court in the companion case since the entry of judgment below, insofar as the same may have a bearing upon the right disposition of this case.

It is within the province of the Supreme Court, as an appellate court, in determining what justice requires, to consider any change either in law or in fact, which has supervened since the judgment at law appealed from was entered by the Circuit Court, and to recognize such a change as may affect the result in the Circuit Court by simply vacating and setting aside the judgment appealed from, without prejudice, in order that the cause may be remanded to the Circuit Court and that court be free to act by dealing appropriately with the controversy in the light of the principle of decision decided in the case of Yates v. St. Johns Beach Development Co., decided March 19, 1935, rehearing denied April 5, 1925, *supra.*

The exercise of the appellate jurisdiction of the Supreme Court involves the power of this Court not only to correct errors in the judgment under review but to make such disposition of the cases as justice may require in order that a correct principle of decision arising since the judgment, and having a bearing upon the right disposition of the case, may be considered and passed upon by an inferior court whose judgment will be vacated and the cause remanded for further proceedings to that end, in proper cases.

See Patterson v. Alabama, 294 U. S. 600, 55 Sup. Ct. Rep. 576, 79 L. Ed. 1082, decided April 1, 1935.

The judgment is accordingly vacated without prejudice, and the cause remanded to the Circuit Court for further appropriate proceedings.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

## ON REHEARING

DAVIS, J.—Because of the earnest insistence of plaintiff in error that the merits of this writ of error should be decided insofar as the sufficiency of the declaration is concerned, a rehearing was granted and thereupon full and complete new arguments had on the proposition whether or not the declaration in the suit below stated a good cause of action against the defendant. Our first opinion, filed May 10, 1935, merely vacated the judgment appealed from without prejudice and remanded the cause to the Circuit Court for further appropriate proceedings in the light of this Court's opinion and judgment in a companion case brought here and decided under the style of Yates v. St. Johns Beach Development Co., opinion filed March 19, 1935 (rehearing denied April 5, 1935), 118 Fla. 788, 160 So. Rep. 197.

The final judgment in this case was rendered on demurrer to defendant's pleas visited back on the plaintiff's declaration.

Therefore the legal proposition established by that ruling was that the allegations of the plaintiff's declaration in the Court below were legally insufficient, even if true, to make out a *prima facie* cause of action at law against the defendant St. Johns Beach Development Company on the hypothesis of its alleged assumption of the mortgage debt represented by the second mortgage bonds described in the several counts of plaintiff's declaration.

The principal allegation relied on in the first count of the declaration was that defendant, St. Johns Beach Development Company, had accepted the benefits of a certain extension agreement which carried with it an obligation to pay the mortgage debt; that because of the defendant's alleged acceptance of the benefits of such extension agreement, that said defendant St. Johns Beach Development Company, as taker of the legal title to the land involved not only took such title encumbered with plaintiff's second mortgage bonds, but with an assumption of obligation on its part to pay them in accordance with the terms of the extension agreement whose benefits plaintiff alleged had been accepted by it with a concomitant burden to pay the debt to which the extension agreement related.

In legal contemplation, the present suit at law is entirely distinct from the companion equity suit in which a different character of pecuniary liability is sought to be established and enforced with respect, no doubt, to the same debt, but altogether against different parties who are alleged to be under an individual equitable duty to indemnify complainant against it.

The law is well established to the effect that an undertaking, express or implied, by parol agreement or otherwise, by the grantee of encumbered land, at the time of his acceptance of a deed of conveyance to it, that he will assume or pay the mortgage indebtedness upon the conveyed property as part of the consideration for the conveyance, may be sued on and enforced in equity by the mortgagee, or recovery thereon may be had as well in a court of law. Herrin v. Abbe, 55 Fla. 769, 46 Sou. Rep. 183, 18 L. R. A. (N. S.) 907; Enns-Halbe Co. v. Templeton, 101 Fla. 609, 135 Sou. Rep. 135; Holland v. W. C. Belcher Land Mortgage Co. (Texas Civ. App.) 248 S. W. Rep. 803; Bras-

seau v. Lowy, 209 Ill. 405, 70 N. R. Rep. 901; Wood v. Smith, 51 Iowa 156, 50 N. W. 581; Heid v. Vreeland, 30 N. J. Eq. 591. See also Proctor v. Hearne, 100 Fla. 1180, 131 Sou. Rep. 173; Whitfield v. Webb, 100 Fla. 1619, 131 Sou. Rep. 786; Marler v. Parker, 101 Fla. 780, 135 Sou. Rep. 400; Ft. Pierce Bank & Trust Co. v. Smith, 108 Fla. 313, 146 Sou. Rep. 225. Compare Luria v. Bank of Coral Gables, 106 Fla. 175, 142 Sou. Rep. 901.

On the authority of the rule of the cases just cited, we hold that it was error for the Circuit Court to visit the plaintiff's demurrer to the defendant's pleas back on plaintiff's declaration insofar as the second, third and fourth counts of such declaration are concerned. The ruling, however, as to the first count was correct, because that count undertook to impute an absolute liability to the grantee for the non-performance of the obligations of the alleged extension agreement, irrespective of any real intention or agreement of the parties to that effect, and without any showing of implied liability such as would follow the transaction as a matter of law, because of the inclusion of the indebtedness in the terms of the consideration for the conveyance. See: Luria v. Bank of Coral Gables, *supra* (16th headnote).

The interest of plaintiff below in the cause of action sued for sufficiently appears from the allegations of the declaration to withstand a general demurrer. It was sufficient to allege and show that plaintiff was the holder of the bonds defendant is alleged to have become liable to pay under the circumstances pleaded in the several counts of the declaration herein held to be good.

The judgment of this Court heretofore entered on this writ of error should be recalled and revoked. A modified judgment in lieu thereof is thereupon entered as follows:

"It is considered, ordered and adjudged by this Court that the judgment of the Circuit Court in this cause be and the same is hereby reversed, with directions to vacate the order visiting plaintiff's demurrer to defendant's pleas back on plaintiff's declaration and sustaining same insofar as the second, third and fourth counts of the declaration are concerned, but to allow the same to stand undisturbed as to the first count of plaintiff's declaration—one fourth of the costs of this writ of error to be taxed against the plaintiff in error, the remainder to be taxed against defendant in error.

Judgment of Supreme Court recalled and revoked on rehearing and now judgment entered reversing judgment below with directions.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.