L. O. CASEY v. ROBERT J. DAVIS.

184 So. 36.
Opinion Filed October 18, 1938.

*Miller Walton,* for Appellant;

*C. E. Farrington,* for Appellees.

CHAPMAN, J.—This case is here on appeal from an order overruling and denying a motion to dismiss the first amended bill of complaint on some fourteen separate and distinct grounds, one of which is that the said first amended bill of complaint is without equity. The amened bill alleges that the plaintiff below and appellee here was an attorney at law and contracted with the Ben Hur Life Association to collect for it interest in the form of coupons and past due bonds issued by a number of political divisions of Florida and purchased and owned by the Ben Hur Life Association for the amount of fees and expenses therein named and agreed upon by the plaintiff and the Ben Hur Life Association. The plaintiff entered into a verbal agreement with the defendant, likewise an attorney at law, for his, professional help and assistance in the handling of the litigation referred to and agreed upon between the plaintiff below and the Ben Hur Life Association. The prayer of the bill is for an accounting on the part of the defendant for fees and other items flowing from the contract between the

plaintiff and the Ben Hur Life Association. The material portions of the first amended bill of complaint are, viz.:

"Plaintiff further shows unto Your Honor that subsequent to his employment as attorney for the said Ben Hur Life Association, as herein aforesaid, and after said Ben Hur Life Association had placed with plaintiff said bond issues including past due bonds and past due interest coupons, plaintiffs, having obtained the consent of the Ben Hur Life Association therefor, did on or about the 16th day of May, 1933, enter into an agreement, not in writing, with defendant, whereby defendant became associated with plaintiff as associate attorney for the purpose of devoting so much of his time and professional services as was necessary to assist plaintiff in duly instituting and prosecuting any and all suits, or otherwise, to enforce the collection of said bonds and said coupons, and also to assist plaintiff in properly representing the said Ben Hur Life Association in all matters that had theretofore been referred to plaintiffs, or that might thereafter be referred to plaintiffs, or to plaintiff and defendant, pursuant to said employment of plaintiff as attorney for Ben Hur Life Association, as herein aforesaid.

"It was further mutually agreed between plaintiff and defendant that defendant would correspond from time to time directly with the Ben Hur Life Association, in reference to and in the conduct of any and all business entrusted to plaintiff, or thereafter to plaintiff and defendant by the said Ben Hur Life Association, as herein aforeasaid, and that said association of defendant with plaintiff should continue during the full time of the conduct of said business by plaintiff and defendant as attorneys for said Ben Hur Life Association.

"Plaintiff further represents unto your Honor that previous to his said employment by the said Ben Hur Life

Association, said Association had deposited a large amount of its said bonds and interest coupons with the Florida Municipal Bond Holder's Protective Association, said Florida Municipal Bond Holder's Protective Association having refused to re-deliver said bonds to the said Ben Hur Life Association, said Association employed plaintiff and defendant to represent said Association in obtaining from said Florida Municipal Bond Holders' Protective Association a redelivery and release to the said Ben Hur Life Association all of said bonds and interest coupons, and said Association became liable to pay plaintiff and defendant a reasonable sum for their professional services expended therein.

"It was mutually agreed between plaintiff and defendant that they should share equally all fees and monies which had been and should be earned under said employment by the said Ben Hur Association, until said services were completed.

"Plaintiff further avers that in pursuance to said employment, and of said Association of plaintiff and defendant as attorneys for the said Ben Hur Life Association, plaintiff and defendant did, prior to the 18th day of November, 1933, institute separate suits for the collection of said past due bonds and past due interest coupons in the name of and on behalf of the Ben Hur Life Association, and against the several municipalities and taxpaying bodies heretofore mentioned, and in some instances did institute two or more suits against certain of said municipalities and/or taxpaying bodies in the enforcement of the collection of said past due bonds and said past due coupons on behalf of said defendant, Ben Hur Life Association, and did file and prosecute said suit in the various courts available therefor, including the Supreme Court of the State of Florida, the various Circuit Courts of the State of Florida, and the United States District Courts in the State of Florida, and did institute

approximately 40 suits, and did earn compensation therefor from the said Ben Hur Life Association the sum of Two Hundred and Twenty-Five ($225.00) as a retainer fee for each and every of said suits so filed, and the further sum of 7% on each dollar collected on behalf of said Ben Hur Life Association under said employment.

"Plaintiff further avers that on or about the 13th day of November, 1933, for their mutual benefit, plaintiff and defendant entered into a further agreement, not in writing, wherein it was provided and agreed that defendant should thereafter be primarily responsible for the prosecution of all suits, and the subsequent enforcement of all collections on account of said bond issues that had theretofore or should thereafter be placed with plaintiff and/or defendant by the said Ben Hur Life Association, and should draw and prepare all pleadings and make all appearances in Court in the conduct of all litigation then pending or that might thereafter be instituted in the enforcement of the collection of the past due bonds and past due interest coupons of said bond issues, or those which should thereafter mature during said employment and the defendant should be entitled to receive as his portion of the compensation therefor 80%, and that plaintiff should be entitled to receive 20% of all of said fees thereafter earned under said employment.

"Plaintiff further represents that by reason of the prosecution of said suits on behalf of the said Ben Hur Life Association, and by reason of the agreement of said Ben Hur Life Association to pay therefor, as herein aforesaid, and by reason of the various collections made as a result of said suits and collections made on behalf of the said Ben Hur Life Association upon said bonds and said coupons without suit, and by reason of the services rendered the said Ben Hur Life Association by plaintiff and defendant herein in securing the release of various of their said bonds and

coupons from the Florida Municipal Bond Holders' Protective Association, defendant did receive from the said Ben Hur Life Association for the use and benefit of plaintiff and defendant large sums of money, the amounts of which, and the times of payment thereof are unknown to plaintiff; that although plaintiff has frequently requested defendant to give a report and accounting of the monies received from the said Ben Hur Life Association on account of said services, and has repeatedly requested and demanded of defendant that he deliver to plaintiff his one-half of the amount so collected and received by defendant for and on account of said services rendered under said employment on and prior to the 13th day of November, 1933, and that repeated requests and demands of defendant to deliver to plaintiff his 20% of the amount so collected and received by defendant for and on account of said services rendered under said employment subsequent to the 13th day of November, 1933, to date of the institution of this suit, the said defendant has neglected, failed and refused to make said report and give defendant an accounting, and/or to pay plaintiff any sums whatsoever by reason of said services and said collection therefor, except that on or prior to the 13th day of November, 1933, defendant did deliver to plaintiff the sum of $725.00 as part of his earnings under said employment. That plaintiff has received no payments on account of said service except from defendant, as aforesaid.

"Plaintiff further says that the items and records from which an account may be ascertained are within the knowledge and in the possession of the defendant; that the accounts are complex and the nature of same such that they cannot conveniently or properly be adjusted or settled in an action at law."

The lower court held that the bill of complaint contained equity. Elaborate briefs have been filed in this cause by counsel for the respective parties raising a number of important points, with citations of authorities to support the same. One of the contentions is that the alleged agreement between the plaintiff, Davis, and the defendant, Casey, was within the statute of frauds and that the same was apparent upon the face of the bill, and for that reason the order appealed from should be reversed. It is likewise contended that a partnership agreement was never entered into between Davis and Casey. We do not think it necessary at this time to go into these questions as this Court, as shown by the record, is restricted to the sole question on this appeal as to whether or not the bill of complaint contains equity. If it does, the order appealed from should be affirmed.

This Court has held a bill in equity states an equitable basis for relief by injunction, as well as other matters of equitable cognizance connected therewith, an order overruling a general motion to dismiss the bill, being the equivalent of an order overruling a general demurrer to the bill, should be affirmed, and the cause remanded for further appropriate proceedings which shall result in the determination of the substantial equities asserted at a hearing on the merits of the cause. See City of Jacksonville v. Shaffer, 107 Fla. 363, 144 So. 892; Warrington v. Williams, 92 Fla. 1021, 111 So. 250; Hall v. Lewis, 94 Fla. 682, 114 So. 560.

In the case of Kathleen Citrus Land Co. v. City of Lakeland, 124 Fla. 659, 169 So. 356, this Court had before it a point similar to the case at bar, and in passing upon the question said:

"The purpose of the bill is to restrain temporarily and permanently the city and its named officials from issuing 'Sewer Revenue Debentures' under the provision of an ordinance theretofore adopted by the City Commissioners, and

hereinafter more particularly described, and from issuing such debentures under the provisions of Chapter 17118, Laws of Florida, 1933, without the approval of the proposed debt by the freeholders of the city in accordance with the provisions of Section 6 of Article IX of the Constitution of Florida.

"The order from which the appeal was taken was made upon a motion by the defendants to dismiss the bill. The motion admits the allegations of the bill well pleaded. The Chancery Act (Ann.) McCarthy, p. 81, Sec. 33, and annotations; City of Jacksonville v. Shaffer, 107 Fla. 363, 144 South. Rep. 892; Yates v. St. Johns Beach Dev. Co., 118 Fla. 788, 160 South. Rep. 197."

Careful consideration has been given to the legal sufficiency of the first amended bill of complaint and we have concluded that the order entered by the lower court on the motion to dismiss was correct. The order appealed from is hereby affirmed. It is so ordered.

ELLIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., not participating.