PER CURIAM.
This is an appeal by the defendant railroad company from a final judgment in favor of the plaintiff in a personal injury action.
At the outset, we shall discuss the recent case of Georgia Southern & Florida Ry. Co. v. Seven-Up Bot. Co., Fla.1965, 175 So. 2d 39, decided by the Florida Supreme Court subsequent to the entry of the final judgment herein appealed, and determine what effect, if any, it has upon the case sub judice.
The Seven-Up case held that Sec. 768.06, Fla.Stat., F.S.A. (comparative negligence statute) is now unconstitutional. The instant case was submitted to the jury under instructions in accordance with Sec. 768.06, supra.
We recognize the general and Florida rule to be that an appellate court, in reviewing a judgment on direct appeal, will dispose of the case according to the law prevailing at the time of the appellate disposition, and not according to the law prevailing at the time of rendition of the judg= *884 ment appealed. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); Yates v. St. Johns Beach Development Co., 122 Fla. 141, 165 So. 384 (1935); Winter Park Golf Estates v. City of Winter Park, 114 Fla. 350, 153 So. 842 (1934); Ben Hur Life Ass’n v. Dunaway, 113 Fla. 252, 151 So. 391 (1933). See also annot. 111 A.L.R. 1317, et seq.
However, the constitutional attack herein pursued, appears for the first time on appeal. The appellant failed in the trial court to assail the statute on any ground upon which rests the Supreme Court decision in the Seven-Up case. The record on which the case is taken here discloses no contention that the statute is unconstitutional. It is a fundamental principle of law that an appellate court may only consider alleged error which was properly preserved below. See 2 Fla.Jur. Appeals, § 290 and cases therein cited. This principle will also be applied to questions of constitutionality as was aptly stated in Gleason v. Dade County, Fla.App.1965, 174 So.2d 466, 467:
“The record does not reflect that the question of constitutionality was at issue before the trial court; or that this matter was properly presented to, or ruled upon, by the trial court. We therefore cannot consider this matter for the first time upon appeal. (Citations omitted.)”
We recognize that an exception to the above rule is that “fundamental error” may be noticed by an appellate court, even though such error has not been asserted below, see Rule 3.7(i), Florida Appellate Rules, 31 F.S.A. However, the error herein alleged does not fall within that classification. Moreover, still another postulate of law precludes appellant from assailing the judgment appealed on the basis of the unconstitutionality Sec. 768.06, supra. That is, that a party can not successfully complain of error for which he is responsible. In the case sub judice appellant requested the instruction on comparative negligence and it was appellant s requested instruction thereon which was ultimately given to the jury, see Karl v. David Ritter Sportservice, Inc., Fla.App.1964, 164 So.2d 23.
Turning to appellant’s points properly raised on appeal, it is our conclusion that the verdict is amply supported by the evidence and we find no reversible error. The judgment appealed is therefore affirmed.
Affirmed.