# Third District Court of Appeal

## State of Florida

Opinion filed October 12, 2022.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D21-0896
Lower Tribunal No. 14-0522

————————

**Marie Polynice,**
Appellant,

vs.

**Burger King Corporation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Law Offices of Sina Negahbani, and Sina Negahbani; Ross & Girten, and Lauri Waldman Ross and Theresa L. Girten, for appellant.

Beasley, Demos & Brown, LLC, and Christopher D. Brown and Jennifer Perez Alonso, for appellee.

Before FERNANDEZ, C.J., and LINDSEY, and LOBREE, JJ.

PER CURIAM.

Marie Polynice, the prevailing party below in a jury trial against Burger King Corporation, appeals an order granting Burger King's motion for a new trial. We affirm.

A new trial order based on a verdict that is against the manifest weight of the evidence "should not be disturbed except upon a clear showing of abuse." Brown v. Estate of Stuckey, 749 So. 2d 490, 496 (Fla. 1999). The mere fact that "there may be substantial, competent evidence in the record to support the jury verdict does not" demonstrate an abuse of discretion. Id. at 498. To determine whether the trial court has abused its discretion the reviewing court applies a reasonableness test, according to which, if reasonable persons could differ on the outcome, there can be no abuse of discretion in granting a new trial. Id.; Ford v. Robinson, 403 So. 2d 1379, 1383 (Fla. 4th DCA 1981).

In R.J. Reynolds Tobacco Co. v. Prentice, 290 So. 3d 963, 967-68 (Fla. 1st DCA 2019), our sister court explained the standard of review applicable to a motion granting a new trial after a jury verdict when there are multiple claims, stating:

> We begin by observing the discretion vested in an appellate court to direct a new trial on one or more issues. See Tracey v. Wells Fargo Bank, N.A., 264 So. 3d 1152 (Fla. 2d DCA 2019) (discussing the principles governing an appellate court's authority when reversing a trial court judgment). Section 59.35, Florida Statutes (2017), provides:

An appellate court may, in reversing a judgment of a lower court brought before it for review by appeal, by the order of reversal, if the error for which reversal is sought is such as to require a new trial, direct that a new trial be had on all the issues shown by the record or upon a part of such issues only.

Thus, remand directions are within the discretion of the appellate court. <u>Tracey</u>, 264 So. 3d at 1161 ("Remand directions . . . seem always to turn upon some basic postulate of fairness, which is, in turn, an exercise of a court's discretion."); <u>see also</u> <u>Yates v. St. Johns Beach Dev. Co.</u>, 122 Fla. 141, 165 So. 384, 385 (Fla. 1935) ("It is a long-standing legal principle that appellate courts have broad powers to [']make such disposition of the case as justice requires.[']").

But that discretion is not without limits. <u>Id.</u> For example, after granting a new trial on one issue, an appellate court must order retrial of other issues when the issues are "inextricably intertwined." <u>See</u> <u>Gasoline Prods. Co. v. Champlin Refining Co.</u>, 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188 (1931). This is so because if the trial court "were to retry only one of two such intertwined issues to a second jury, while maintaining the vitality of the first jury's findings on the other issue, it would cause confusion and uncertainty and, thus, an unfair trial." <u>Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.</u>, 175 F.3d 1221, 1255-56 (10th Cir. 1999). Courts have found issues of liability and damages to be inextricably intertwined when a trial on damages alone would require the jury to consider the same evidence as a trial on both liability and damages. <u>See</u> <u>Lawson v. Swirn</u>, 258 So. 2d 458, 459 (Fla. 1st DCA 1972) (after reversing on damages, directing new trial on damages and liability "because the evidence as to both issues is so inextricably interlaced that the new jury should be allowed to consider and determine both issues"); <u>Equitable Life Assurance Soc'y of U.S. v. Fairbanks</u>, 400 So. 2d 550, 553 (Fla. 4th DCA 1981). Courts have also found issues of liability and comparative fault to be inextricably intertwined. <u>See, e.g.</u>, <u>Lenhart v. Basora</u>, 100 So. 3d 1177 (Fla. 4th DCA 2012) ("To parse out the comparative negligence of the parties, the trier of fact must hear the 'totality of fault' of each

3

side."); <u>Currie v. Palm Beach Cty.</u>, 578 So. 2d 760, 764 (Fla. 4th DCA 1991) ("One of the issues tried to the jury was whether [plaintiff] was comparatively negligent. Evidence on this issue necessarily impacts both liability and damages.").

The claims here are all intertwined such that were we to find no error in granting a new trial as to just one of the claims tried, such is sufficient to support the trial court's grant of a new trial as to all. Accordingly, because we find no abuse of discretion, we are compelled to affirm.

Affirmed.